## No. 626.

### THE STATE OF LOUISIANA vs. JAMES B. THOMAS.

The judge *a quo* did not err when admitting the evidence objected to. It was necessary to establish that the property stolen belonged to some one, other than the defendant; and what the defendant had sworn to in a judicial proceeding against the ownership thereof was good evidence.

The judge *a quo* erred in permitting a witness to prove certain confessions made by the defendant to one Davis, which confessions were not made in the presence of witness, and which he only knew through Davis. It was the weakest of hearsay evidence. The facts, if they existed, should have been established by Davis, who was in court.

The court below did not err when refusing to charge the jury that the value of the horse alleged to have been stolen should have been established. The statute declares horse-stealing to be a crime, and this without regard to the value of the animal stolen.

The judge *a quo* properly overruled the objection to the testimony of Davis as to confessions made by the defendant to him, which objection was based on the ground that the witness could not state that he remembered all the confessions which the accused had made, but only some of the particular points thereof. The objection went to the effect of the testimony, and not to its admissibility.

The State should not have been permitted to impeach its own witness. This was of some consequence, as the testimony was introduced for the purpose of identifying the stolen horse.

The defendant having offered to establish and having established by two witnesses that the reputation of Davis, a State witness, was bad as to veracity, the judge *a quo* erred in instructing the jury to disregard the testimony, on the ground that the witnesses had not heard a majority of the people in the neighborhood of the impeached witness express their opinion of his character. The testimony was admissible, and it was for the jury to determine whether it was sufficient or not to do away with his credibility.

APPEAL from the Twelfth Judicial District Court, parish of Caldwell. *Taliaferro*, J. Criminal case. *Daniel B. Gorham*, District Attorney, for plaintiff and appellee. *Hough & Meredith*, for defendant and appellant.

MORGAN, J. The defendant, convicted of horse-stealing, appeals from

the judgment which sentences him to one year's imprisonment at hard labor in the Penitentiary.

First—He excepted to the ruling of the court under which Wooten, a witness for the State, was permitted to testify as to what the defendant had sworn to in the parish court in the case of Blanks & Wooten vs. Jacob Simmons in regard to the ownership of the horse which the defendant was accused of having stolen. The judge did not err. It was necessary to establish that the property in question belonged to some one other than the defendant, and what the defendant had sworn to in a judicial proceeding regarding the ownership thereof was good evidence.

Second—The judge permitted Wooten to prove certain confessions made by the defendant to one Davis, which confessions were not made in the presence of the witness, and which he only knows through Davis. In this there was error. It was the weakest of hearsay evidence. · The facts, if they existed, should have been established by Davis, who was in court.

Third—The defendant requested the judge to charge the jury that the value of the horse alleged to have been stolen should have been established, which charge the judge refused to give. The judge did not err. The statute declares horse-stealing to be a crime, and this without regard to the value of the animal stolen. ₁It was therefore unnecessary that the value thereof should have been stated in the indictment, and unnecessary to prove it.

Fourth—Defendant objected to the testimony of Davis as to confessions made by the defendant to him, on the ground that the witness could not state that he remembered all the confessions which he had made, but only some of the particular points thereof. The judge did not err. The objection went to the effect of the testimony, and not to its admissibility.

Fifth—Wimberly, a witness for the State, testified on his examination-in-chief that when he exchanged for the horse alleged to have been stolen it was "not foundered." The district attorney then called Cole to establish that Wimberly had told him that the horse was foundered. To the introduction of this testimony the defendant excepted. The exception was overruled, and, we think, erroneously. The State should not have been permitted to impeach its own witness. The question was of some consequence, as it was introduced for the purpose of identifying the stolen horse.

Sixth—Defendant offered to and did establish by two witnesses that the reputation of Davis, a witness for the State, for truth and veracity was bad. The district judge instructed the jury to disregard the testimony, on the ground that the witnesses had not heard a majority of the people in the neighborhood of the impeached witness express their

State vs. Thomas.

-opinion of his character. The judge erred. The testimony was admis-
sible, and it was for the jury to determine whether it was sufficient or
not to do away with his credibility.

It is therefore ordered, adjudged, and decreed that the judgment of
the district court and the verdict of the jury be avoided, reversed, and
set aside, and that the case be remanded to be proceeded with according
to law and in accordance with the views herein expressed.