State vs. King.

## No. 9306.
### THE STATE OF LOUISIANA VS. MIKE KING.

When money is the thing stolen our statute dispenses with any description of it in the indictment. It is sufficient to describe it simply as money without specifying any particular coin or bank-note, and proof of the larceny of any coin or bank-note will sustain the charge, although the particular kind of coin or bank-note is not proved.

When the statute dispensed with any description of money by the designation of the kind of coin or bank-note, it equally dispensed with the need of assigning a specific value to it, because money, unlike ordinary chattels that are the subject of larceny, denotes value, and the mention of the denomination as dollars or cents, contains in itself the statement of its value.

And hence the charge in an indictment that the accused "feloniously did steal, take, and carry away certain money, to wit the sum of ten dollars, of the goods and chattels of one John Losch" is sufficient in law without specifying the value of the ten dollars.

APPEAL from the Criminal District Court for the Parish of Orleans. *Baker*, J.

*M. J. Cunningham*, Attorney General, and *Lionel Adams*, District Attorney, for the State, Appellee.

*Jos. C. Walker* for Defendant and Appellant.

The opinion of the Court was delivered by

MANNING, J. From a conviction of larceny and a sentence thereon to two years' imprisonment at hard labour the defendant appeals.

The single point assigned as error is that the information does not indicate the value of the goods stolen. Using the language of the defendant's counsel;—"the objection is that the value of the property alleged to have been stolen is not set forth in the information, that is to say, as estimated by any fixed equivalent of value or standard of circulation in this country, the only measure of value to which reference can be had."

The charge is that the accused "feloniously did steal, take, and carry away certain money to wit, the sum of ten dollars, of the goods and money of one John Losch." The dollars are not charged to be gold or silver coin or currency of any kind, but dollars without any descriptive words, the ownership of them being set out.

Our law has dispensed with the need of any description when the thing stolen is money. It is sufficient to describe it "simply as money without specifying any particular coin or bank-note," and such allegation is sustainable by proof of any coin or any bank-note although the particular kind of coin or bank-note is not proved. Rev. Stats. sec. 1061. It is a copy of the Victorian statute, under which the English courts have held a charge of stealing "two shillings of C. D." to be good. Archbold Cr. Pr. and Pl. 357-8.

This however relates to the description and not the value. Value is so far the essence of larceny that some value must be shewn, that is to say the thing stolen must be of some value to the owner however small, although worthless to any one else. To have charged that the larceny was committed by stealing ten dollars of the value of ten dollars would have been tautology. When the statute dispensed with any description of money by the designation of the kind of coin or bank-note, it equally dispensed with the need of assigning a specific value to it because money, unlike ordinary chattels that are the subject of larceny, denotes value, and the mention of the denomination, as dollars or cents, contains in itself the statement of its value. The cases cited by the Attorney General, State v. Walker, 22 Ann. 425 and State v. Green, 27 Ann. 598 do not cover the point made in this case, nor is it the same as that ruled in State v. Ziord, 30 Ann. 867 and State v. Faulkner, 32 Ann. 725, but we think the statute was intended to embrace such cases as this and to put money, when the subject of larceny, on a different footing from chattels or moveables, the names or designations of which do not of themselves import value, and therefore the objection made by the defendant is not well-grounded.

Judgment affirmed.