No. 1230.

THE STATE OF LOUISIANA VS. P. C. PETERS.

Criminal statutes cannot be extended to cases not included within the clear import of their language.

Act 64 of 1884 does not denounce as an offense the accusing another of a crime with malicious intent, but only malicious *threats* to make such accusation. A verdict of guilty of charging another with malicious intent, convicts of no crime known to the law of Louisiana, and, on motion in arrest, the same must be set aside.

APPEAL from the Twelfth District Court, Parish of Rapides. *Blackman*, J.

---

*J. C. Wickliffe, John N. Ogden*, District Attorneys, and *Edwin G. Hunter* for the State, Appellee.

*Robt. P. Hunter* and *Cullom & Coco* for Defendant and Appellant.

---

The opinion of the Court was delivered by

FENNER, J. The indictment in this case charged that the defendant "did willfully, maliciously and feloniously, upon the public road known as the Bayou Bœuf road, and at other public places, threaten to accuse and did accuse one Eli G. Matthews of the crime of larceny,

with the intent to extort from said Matthews money or other thing of value."

The verdict of the jury was as follows: "We, the jury, find the prisoner guilty of charging Eli J. Matthews of larceny, as charged in indictment, with malicious intent."

The indictment was evidently framed under Act. No. 63 of 1884, entitled "An Act to provide for the punishment of the offense and crime of attempting to extort money or any property or valuable thing, through or by means of threats, threatening letters or communications, or by means of other unlawful acts or devices." The verdict, however, is based on Act No. 64 of 1884, entitled "An Act to provide for the punishment of malicious threatening or threats, the malicious sending of threatening letters or communications, or malicious publications, or resorting to malicious acts, or threats of injury to person, reputation or property, though no valuable thing be demanded or sought to be extorted."

The action of the jury is based upon the charge of the judge, who, after instructing that the intention to extort was an essential element of the crime denounced by Act No. 63, proceeded to say: "I charge you that, if you find from the evidence that the accused did not *threaten* to accuse the said Matthews of the crime of the larceny of his pocket-book, but did *actually charge* him, the said Matthews, of the crime, and that it was done in the public places, as alleged, and that it was done with a malicious intent, but not with the intent of extorting money, then you can find him guilty of maliciously accusing the said Matthews of a crime or the crime of larceny. This, I charge you, is a smaller offense provided for by Act 64 of 1884, and is included in the indictment under which the defendant is now being tried." The judge further gave the jury two forms of verdict of guilty, one under Act 63, the other under Act 64, the last of which is the one actually and literally adopted by the jury.

We will not at this time determine the question as to the correctness of the instruction of the judge that the crimes denounced by the two acts, 63 and 64, are different grades of the same offense, differing only in the intent, in such sense that an indictment for the greater includes and supports a conviction for the lesser offense. Nor do we find it necessary to determine various other assignments of error.

The objection raised on motion in arrest of judgment, that the verdict finds the accused guilty of no crime denounced by any law of the State, is well founded and fatal to the conviction herein.

Unless accusing a person of larceny with malicious intent be constituted a crime by Act 64 of 1884, we know of no other law giving it such character. We have studied Act 64 diligently without being able to extort any such meaning from its provisions. Its confection is clumsy and obscure, but under no possible construction can it be made to cover the act stated in the verdict. The statute says: "If any person shall, knowingly and maliciously, send or deliver, or cause to be sent or delivered, or cause to be received by another, any letter, postal card, writing or printed matter *threatening* to accuse him or her, or to cause or procure him or her to cause or procure him or her to be accused of any fault, *crime*, offense or misdemeanor," etc., he shall be punished as prescribed. The above is the only clause of the act referring, in any manner, to accusing another of a crime. It is obvious that the offense denounced covers only malicious *threats* to accuse another of crime, embodied in written or printed form, and sent or delivered to the person. The verdict does not find the defendant guilty of any such threats, or indeed of any threats whatever; and the mere act of "charging another of larceny with malicious intent," as found by the verdict, is no crime under the law of Louisiana. We cannot extend criminal statutes to cases not included within the clear and obvious import of their language.

It is therefore ordered, adjudged and decreed that the verdict and sentence be and the same are hereby annulled, avoided and reversed.