## No. 1,210.

### THE STATE OF LOUISIANA vs. GEORGE DUNN.

In a trial under an indictment for murder the conviction of an accused for manslaughter operates an absolute acquittal of the charge of murder, and if the conviction be set aside on his motion, he cannot be put upon his trial the second time for murder, but he may be tried for manslaughter on the same indictment. No law or jurisprudence requires that he could only and legally be tried on a new indictment specifically charging manslaughter, as the latter is included in every indictment for murder.

The discretion of trial judges in dealing with motions for new trials on the ground of newly discovered evidence, even to the extent of their refusing to believe the affidavit of an alleged newly discovered witness, will not be interfered with on appeal, unless it clearly appear to have been exercised in an arbitrary or unjust manner.

APPEAL from the Criminal District Court, Parish of Orleans. *Baker*, J.

*F. G. Hudson*, District Attorney, and *John J. Finney*, Assistant District Attorney, for the State, Appellee.

*McMahon & Pratt* for Defendant and Appellant.

The opinion of the Court was delivered by

Poché, J. This appeal is taken from a conviction of manslaughter.

The original charge in the indictment was for murder, and on a previous trial the accused had been convicted of manslaughter.

On his motion the verdict was set aside by the district judge and a new trial granted on the ground of the misconduct of the jury.

On the trial thus ordered, he filed a plea in bar, urging his acquittal of murder by the verdict which had found him guilty of manslaughter, and that he could not be tried for manslaughter under an indictment for murder. His plea was overruled; he reserved a bill, and the trial proceeded, resulting as hereinabove stated.

The contention of his counsel is substantially that a trial for manslaughter under an indictment for murder is not a compliance with the requirements of Article 8 of the State Constitution, which provides, on this subject, that "In all criminal prosecutions the accused shall enjoy the right to be informed of the nature and cause of the accusation," &c. Hence they argue that the accused having been acquitted of murder, the State could not prosecute him for manslaughter in the absence of a new and different indictment charging the crime of manslaughter in terms.

It is conceded by the State that a conviction of manslaughter in a trial for murder operates an absolute acquittal of murder, hence in this case the District Attorney, in the trial now appealed from, formally announced to the court that the accused would be tried for manslaughter only.

Now we know of no provisions of law or adjudications in criminal jurisprudence which warrant the doctrine that in such a case the ac-

cused cannot be put on his trial for manslaughter on the same or original indictment.

The authorities relied on by counsel for appellant are simply to the effect that, "If a prisoner is acquitted on some of the counts in an indictment, and convicted on others, and a new trial is obtained on his motion, he can be put upon trial a second time on those counts only on which he was before convicted, and is forever discharged from the others." Cooley's *Constitutional Limitations*, p. 328, and authorities cited by him. State vs. Byrd, 31 Ann. 419; State vs. Dennison, 31 Ann. 847.

Now, the prohibition contended for by counsel and recognized by these authorities, was effectually observed in this case, by the restriction imposed on himself by the District Attorney in limiting the prosecution on the last trial to the crime of manslaughter, for which the accused had been previously convicted, and by formally abandoning the prosecution for murder of which he had been acquitted.

It is elementary in our jurisprudence that an indictment for murder includes a charge of manslaughter as it is specially provided by statute that " on trials for murder the jury may find the prisoner guilty of manslaughter." Section 785, Revised Statutes.

We therefore conclude that the accused was not deprived of any legal or constitutional right by being tried for manslaughter under an indictment for murder, a crime resulting from the same act, and a charge which included the lesser offense of the same generic nature.

There is no merit in the contention that the judge erred in overruling the plea in bar without submitting it to a jury or without requiring the State to join issue thereon.

The plea presented a bare question of law which the judge alone was competent to decide, and which he was authorized to dispose of without plea, replication or rejoinder on the part of the State.

Counsel's contention on this point is not sustained by the decision in Bille's case, 35 Ann. 851, in which error was found in the ruling of the trial judge for having entertained a motion to strike out a plea in bar, and having thus refused to entertain and consider the plea on its merits.

In this case the plea was considered, but it was overruled by the judge without hearing argument from either side. As an argument is intended to assist or enlighten the court, no law or precedent compels the judge to hear an argument, if he feels competent to decide the question under consideration without such assistance. If it should happen that the judge was not sufficiently enlightened, and that he should have

erred in his ruling, the only penalty would be the reversal on appeal of his adjudication. State vs. Boasso, 38 Ann. 202.

The record contains two bills of exception charging error on the part of the judge in passing on the alleged incompetency of two jurors, on the ground that they both had formed opinions on the guilt or innocence of the accused.

The judge correctly ruled that jurors who had formed opinions predicated on the reading of newspaper reports, but who declared that they had no bias or prejudice in favor or against the accused on trial, and that they would try the case on the law and the evidence to be therein submitted, are not incompetent.

His conclusions are more than supported by jurisprudence as at present settled. State vs. Ford, 37 Ann. 443.

The accused moved for a new trial on the ground of newly discovered evidence, and supported his motion by his affidavit and by that of the newly discovered witness. The proffered evidence was to the effect that during the altercation, the witness had seen that the accused was beaten by several persons, among whom was the deceased, who repeatedly struck him on the head with a pistol.

The statement that the deceased was armed with a pistol is admittedly the only new element in the testimony of that witness, and the only fact which had not yet been given to the jury.

The refusal of the district judge was predicated mainly on the ground that he did not believe the affidavit of the alleged newly discovered witness, for reasons which he gave at length in refusing the new trial, and which are of record.

Among other things the judge says:

"Two days prior to the hearing of the motion the (newly discovered) witness Lynch was summoned to appear, and though served at the place set forth in his affidavit, as his residence, he failed to attend." * * * "Some eight witnesses testified for the State and about an equal number for the defence. There were others, but these were present at the time of the killing, and not one of them on either side testified to seeing a pistol in the hands of the deceased or even pretended that he had a pistol." * * "Some of the State witnesses swore that the deceased was unarmed, and all of them (who saw the difficulty) that when he was killed, his hands were empty and resting on the shoulders of the accused. Every defence witness testified that he saw no weapon in the hands of the deceased, though near him, and from their positions likely to have seen one had he had it." * *

And he concluded that the alleged evidence would not have brought out a different verdict, in his opinion.

In dealing with such rulings this court has formulated the following doctrine: "The greatest reliance is placed on the trial judges in refusing new trials in criminal causes, and it would be an unwise restriction to hold that they shall not take into account their belief that false swearing was resorted to in order to break a conviction and obtain a new trial." State vs. Williams, 38 Ann. 361. In that case the trial judge had refused to believe the affidavit of two alleged newly discovered witnesses.

We think that the rule is a safe and conservative landmark, eminently conducive to a proper administration of justice in criminal cases, and a doctrine which places confidence where it belongs in the very nature of things. And we shall follow it in all instances where it does not appear that the discretion of the judge has been exercised in an arbitrary or unjust manner.

This concludes our review of all matters of complaint which were pressed on appeal, and we feel confident that the accused has had a fair and impartial trial.

Judgment affirmed.