## No. 11,510.

### STATE OF LOUISIANA VS. BAPTISTE HILL.

1. Whether neither the crime charged nor its punishment is dependent upon values—values need not be declared in the indictment.
2. Mere matters of; evidence not necessary for the validity of an indictment are not necessary to be alleged in it in order to introduce under the indictment evidence pertinent and relevant to the charge.
3. If before the trial commences it is discovered that one of the jury is incompetent by reason of relationship to the accused, he may be legally set aside and the panel completed in the ordinary course.

APPEAL from the Eleventh District Court, Parish of St. Landry. *Perrault, J.*

*M. J. Cunningham,* Attorney General, and *E. B. Dubuissson,* District Attorney, for the State, Appellee:

Value need not be alleged in an indictment for horse stealing.
Although not alleged, it may be proved when it tends to show guilty knowledge.
A juror may be set aside after being sworn when it is discovered that he is incompetent.

*John N. Ogden* Attorney for Defendant and Appellant.

The opinion of the court was delivered by
NICHOLLS, C. J.    Defendant was convicted of horse stealing and

sentenced to one year at hard labor in the penitentiary. He has appealed.

We will pass upon his grounds of complaint in the inverse order in which they were raised.

1. A motion in arrest was made on the ground that the indictment upon which he was tried did not allege any value in the property charged to have been stolen.

Neither the crime charged nor the punishment for the same was dependent upon the value of the thing stolen. The crime charged was a substantive one—independent of the value of the animal taken. There was therefore no reason for making reference to value in the indictment. State vs. Wells, 25 An. 372; State vs. Thomas, 28 An. 828; Bishop Cr. Pr., 3d Ed., Vol. 2, Sec. 713; Waterman's Archbold, Vol. 2, p. 384.

2. The court permitted the State to offer evidence to prove the value of the horse stolen over the objection made by the defendant that there was no declaration of value in the indictment.

The object of the testimony was to show that the horse, being in the possession of the defendant, was sold for an amount totally dispro-portionate to its value, and from this fact to infer that it had been stolen. No objection was made to the testimony itself as being ir-relevant or improper. We have just said that there was no necessity for the validity of the indictment that it contain a recital of value The matter of value was purely one of evidence on the trial. If the question asked was a proper and relevant one it was admissible, without reference to any statement in the indictment on the subject, the indictment itself being sufficient. Statements not necessary to the validity of the indictment are no more necessary to be alleged in it than in a petition in order to introduce in evidence testimony pertinent and relevant to the issues.

3. When the case was called for trial, the first juror presented was sworn, he being accepted by both the State and the accused.

Eight others had been subsequently similarly accepted and sworn when the district attorney suggested to the court that the first juror sworn was an uncle of the accused and should be made to stand aside. The juror having admitted, when questioned, that the fact stated was true, the court, over the objection of the accused that the objection to the juror should have been urged on the *voir dire*, and

47.

that if incompetent the juror's incompetency was not absolute but relative, ordered the juror to stand aside.

·The judge states, in the bill of exceptions reserved to this action, that under the acts of 1877 and 1880 the juror, being related to the defendant within the fourth degree, was incompetent; that this incompetency was unknown to the State at the time of calling, examining and accepting the juror; that it had the right under its discretion to purge the jury of an incompetent juror at any time before evidence was offered, and that no injury could result to defendant by ordering him to stand aside.

There is no complaint that the accused had exhausted any peremptory challenges, or that an objectionable juror had been forced upon him.

We are of the opinion that if, before the trial commences, it is discovered that one of the jurors is incompetent, by reason of relationship to the accused, he may be set aside and the panel completed in the ordinary course.   Lord Hale's Pleas of the Crown, Vol. 2, p. 296; Bishop Cr. Pr., 3d Ed., Vol. 1, Sec. 947; Thomp. and Mer. on Juries, Sec. 273; Wharton Cr. Pl. and Pr., Sec. 672; 2 An. 307; State vs. Disken, 34 An. 919; State vs. Nash & Barnett, 46 An. 194.

Judgment affirmed.