BREAUX, C. J. In matter of the two cases, 15,765, and the other 15,891, 41 South. 696,[1] touching costs, it has been decided in the first decision handed down that they should be paid by the receiver of the Lake Charles Lumber Company, insolvent. The questions involved since decided have become the law of the case. There remains only the question as to who should pay the costs.

The costs of their opposition must be paid by the receiver.

It is therefore ordered, adjudged, and decreed that our decree remain unchanged as to costs, including the Perkins-Miller Lumber Company.

Their opposition and intervention are dismissed at costs of the mass.

With this addendum our former decree remains unchanged.

(41 South. 702.)

No. 16,102.

STATE v. COUNTY.

(June 18, 1906.)

1. LARCENY—ARREST OF JUDGMENT—DEFECTIVE VERDICT.

Defendant was indicted under two counts: (1) For burglary; (2) for larceny. In the count for larceny he was charged with having stolen certain articles of clothing valued separately and collectively. The total value of the articles stolen being charged to have been in the aggregate $41. The jury returned a verdict: "We the jury find the accused 'Guilty of larceny.'" No objection was made to the form of the verdict until after the jury had been discharged.

Defendant unsuccessfully moved to arrest the judgment on the ground that he could not be sentenced under that verdict, as the jury had found him "guilty of larceny," and the value of the property stolen would have to be taken by intendment and nothing could be so taken against him.

Held, the court did not err. The indictment charged the defendant with having stolen articles to the value of $41. The jury found him guilty of larceny which was the crime charged. The verdict being an unqualified one, obviously and necessarily referred to the charge as it was made in the indictment of having stolen $41. Had the jury intended to depart from the charge as made, it would have brought in a modified

[1] Ante, p. 402.

or special verdict. If the accused supposed that an error had been committed as to substance, he, being present, should have taken some step at that time to have the fact of error ascertained and the verdict modified. He had no right to remain silent until after the jury had been discharged.

[Ed. Note.—For cases in point, see vol. 32, Cent. Dig. Larceny, § 205.]

2. CRIMINAL LAW—APPEAL—PRESUMPTIONS—TRIAL—COMMUNICATIONS BETWEEN DISTRICT ATTORNEY AND WITNESSES UNDER EXCLUSION.

The fact that by consent of counsel for the state and the defendant, the witnesses for both sides had been ordered to be kept where they could not hear the testimony given on the trial, did not have the effect of preventing the district attorney communicating with the state witnesses. It will not be presumed that the state's officer, while holding such communication, was guilty of any misconduct.

3. SAME—REMARKS OF COUNSEL.

The remarks of the district attorney in his argument to the jury were not prejudicial to the accused.

(Syllabus by the Court.)

Appeal from Fifth Judicial District Court, Parish of Winn; George Wear, Judge.

James County was convicted of larceny, and appeals. Affirmed.

Wallace & Wallace, for appellant. Walter Guion, Atty. Gen., and Orin Medicus Grisham, Dist. Atty. (Lewis Guion, of counsel), for the State.

Statement of Case.

NICHOLLS, J. The defendant was indicted under two counts: First, for burglary; and, second, for larceny.

In the count for larceny he was charged with having stolen certain described articles of clothing valued separately and collectively, and amounting in the aggregate to $41.

The jury returned a verdict against him as follows:

"We the jury find the accused guilty of larceny."

Defendant filed a motion for a new trial on the ground that the verdict of the jury was not responsive to the law and the evidence adduced on the trial. The motion was overruled. Subsequently, suggesting that the verdict

of the jury rendered in the case charging him with larceny was not borne out by the law and the testimony, and was not such a judgment as he could be sentenced under to any fine or imprisonment whatever; that the finding of the jury simply finds him guilty of larceny, and that he could not be sentenced under such judgment as the value of the propert, stolen would have to be taken by intendment, and nothing can be so taken against the accused as it was contrary to law—he prayed that the judgment of sentence be arrested, and the verdict of the jury set aside, and the accused be granted a new trial.

The court overruled the motion, and sentenced the defendant to hard labor in the state penitentiary for two years; the judgment reciting that he had been convicted of the crime of larceny of property of a value more than $20.

It appears from the transcript that, at the request both of the prosecution and the defense, the witnesses in the case were ordered to be kept separate. It is urged by defendant, through a bill of exception, that after the testimony for the state had been introduced, and that of the defendant was being taken, it was testified to by three witnesses for the defense that the principal witness for the prosecution stated that Cupp, a deputy sheriff had agreed, upon the payment of $15; to get him out of the trouble; the said witness having been first charged along with the accused in the commission of the offense, and that the said Cupp would return back to him $5 of the money if he would testify in the case against County, the accused. The district attorney went to the said witness, Cupp, and informed him that the witnesses had sworn to this state of facts, and Cupp was thereby put on his guard, and was afterwards brought back and placed upon the stand to rebut the statement referred to; that defendant objected to his being sworn by reason of the said facts and of his having received

the information stated while he was under the rule of the court; that, thereupon, the district attorney admitted that he had had such conversation with Cupp, but insisted upon his being sworn; that the court overruled defendant's objection and permitted Cupp to testify, and defendant reserved a bill.

The bill of exceptions being submitted to the district attorney, he stated that the facts set up therein as to his having had a conversation with the witness Cupp while under the rule, and then offering him to rebut evidence about which he had talked to him, was correct, but the other statements and deductions in the bill were only surmises.

The judge in his per curiam of the bill says:

"The counsel for the defendant assumes that, because the counsel for the state spoke to his witness Cupp, that he must necessarily have told him what defendant's witnesses had testified to, and thereby placed the witness Cupp on his guard, intimating that the counsel for the state had or would have his witness prepared to contradict the statements of the defendant's witnesses whether such contradicting the statements were true or untrue. This is a mere assumption on the part of defendant's counsel, with no evidence whatever to sustain it. That the counsel for the state had the right to talk with their witnesses even though the witnesses were under the rule of the court, there can be no question. The rule invoked by defendants applies to witnesses who have acquiesced, who, on violation of the rule, subject themselves to punishment, but it is no reason for the exclusion of their testimony. As was said by the Supreme Court in the case of the State v. Revelle, 34 La. Ann. 382, 44 Am. Rep. 436: 'The judge did not err, as charged in allowing one of the state witnesses to remain in the courtroom after he had testified, and after the judge had ordered all of the witnesses in the case to be separated. All orders touching the separation of witnesses are peculiarly within the discretion of the judge, with which the appellate court will not interfere. 1 Bishop on Crim. Proc. (2d Ed.) §§ 1086–1088.' See, also, the case of the State v. Gregory et al., 33 La. Ann. 737."

Defendant complains that the district attorney in his argument to the jury should have used the following language:

"There are three modes of determining a solution of this case: First, the testimony from the mouths of the witnesses; second,

the circumstances; third, the lies which Jim County, the accused, has sworn to."

In the bill it is stated that defendant's counsel objected to this language, and the court sustained the objection after the statement had gone to the jury, and instructed the jury to disregard what the district attorney had said.

The bill states that exception was taken to the statement, for the reason that it was bound to have its effect with the jury, and it would be hard to eradicate it from their minds, even if the court had instructed them to disregard it; that it was not permissible to use such language on the trial of a criminal case in the presence of the jury.

In the per curiam to the bill, the judge says:

"It is true that the language charged in the bill of exception was used by the district attorney; it is also true that counsel for defendant did object to the language, 'third, the lies which Jim County has sworn to.' But the district attorney, at the same time, stated to the jury that he relied upon the evidence to establish his proposition, and that if it did not do so they were to find what was proven, and not take his assertion for it.

"That while the court was of opinion that the remark of the district attorney quoted above had no prejudicial effect upon the jury, nor that any injury had been done the accused by said remark, out of abundance of caution, it instructed the district attorney to refrain from the use of such language, and upon its own motion and without request of the defendant it instructed the jury to disregard the remark of the district attorney, and not to consider it.

"The accused was indicted for burglary and larceny charged in the same bill, in separate counts, and was tried upon both counts. The evidence in the case, the facts and circumstances shown on the trial were sufficient in the opinion of the court to have warranted the jury in finding a verdict against the accused of guilty on both counts of the indictment. The jury, however, found the accused guilty of larceny, thereby negativing the idea that they were influenced or prejudiced by the remark complained of.

"It was a deduction of the district attorney drawn from the evidence. Whether or not correctly drawn, the jury were capable of and had the right to determine.

"These are matters left largely within the discretion of the trial judge, and the court is of the opinion that no injury was done. See State v. Meche, 114 La. 231, 38 South. 152; State v. Young, 114 La. 686, 38 South. 517."

## Opinion.

The complaint urged to the form of the verdict of the jury is not well grounded. There were two counts to the indictment: One for burglary; the other for larceny. No objection was raised as to the indictment, and none as to the verdict until after the jury had been discharged, when the jury determined to acquit the accused upon the first count, and to convict him upon the second, it properly declared that "it found him guilty of larceny," which was the crime which was charged against him in the second count. The verdict being an unqualified one of "Guilty of larceny" obviously and necessarily referred to the charge as it was made in the indictment, which was that the accused had stolen $40. Had the jury intended by the verdict to depart from the indictment, it would have brought in a modified or special verdict.

The "form" of the verdict being unobjectionable, if the accused supposed that an error had been committed as to substance (he being present when it was returned) should have taken some step at that time to have the fact of error ascertained and the verdict modified. He had no right to postpone taking action until after the jury had been discharged.

We find no error in the ruling of the court in permitting the witness Cupp to testify. The order of a court ordering the witness to be kept out of the courtroom where they would be unable to hear the testimony as is given, does not extend so far as to prevent the district attorney from holding communication with the state witnesses. It cannot be assumed that the state's prosecuting officer should have made use of communication with them for an improper purpose. Besides, the state should not be made to lose the benefit of the testimony of a witness who may have been guilty of indiscretion, imprudence or even fault. The most which should result from a violation of the court's order would be to subject the witness himself to punish-

ment and to affect the weight of his testimony when given.

We find no reversible error in the remarks made by the district attorney. The court did all that it could do under the circumstances even if the remarks of the district attorney were objectionable. We have no reason to suppose that they worked any injury to the accused. There is nothing complained of which would warrant a reversal of the judgment appealed from, and it is hereby affirmed.