(97 South. 26)

No. 25884.

### STATE v. DURANE.

(April 30, 1923. Rehearing Denied June 4, 1923.)

*(Syllabus by Editorial Staff.)*

1. **Criminal law ⬳1131(4)—Appeal not dismissed, when verdict claimed to be defective.**

An appeal will not be dismissed for want of bill of exception, motion for new trial or in arrest of judgment, or assignment of errors, where it is claimed the verdict is insufficient, as error, if any, is patent on face of the record.

2. **Criminal law ⬳883—Verdict of guilty held to mean guilty of grade of larceny charged.**

On trial under information charging larceny of property worth less than $100, but not less than $20, a general verdict of guilty means guilty as charged, especially when rendered by the judge, who thereupon imposes sentence for the grade of larceny charged.

3. **Indictment and information ⬳51(1)—Information in name of one assistant district attorney, but signed by another, not in proper form.**

Bill of information signed by one assistant district attorney, but alleging that another assistant district attorney comes into court and gives the court to understand and be informed, etc., is not in proper form.

4. **Criminal law ⬳1028—Judgment not reversed for error not complained of, though apparent on face of record.**

Supreme Court's duty to take cognizance of error patent on face of the record does not compel it to annul verdict for error of which defendant does not complain, if it be one which he has a right to waive.

5. **Criminal law ⬳1032(4)—Irregularity in information, which might be waived, assumed to have been waived.**

That information is signed by one assistant district attorney, but purports to be made by another, is not harmful, and might be waived, and will be assumed to have been waived, when not complained of.

Appeal from Criminal District Court, Parish of Orleans; Alexander C. O'Donnell, Judge.

Peter Durane, alias Black Diamond, was convicted of larceny, and he appeals. Affirmed.

Paul L. Fourchy, of New Orleans, for appellant.

A. V. Coco, Atty. Gen., and Robert H. Marr, Dist. Atty., of New Orleans (T. S. Walmsley, of New Orleans, of counsel), for the State.

O'NIELL, C. J. The question presented is whether, in a prosecution for larceny of an article alleged to be worth less than $100, but not less than $20, the general verdict "guilty," without mention of the value of the property stolen or the grade of larceny committed, is a valid verdict.

Appellant was accused of having stolen a lady's vanity case, valued at $50, and containing 16 cents. Technically, the offense charged was larceny of property worth less than $100 and not less than $20, the penalty for which grade of larceny, as fixed in section 5 of Act 107 of 1902, p. 161, is imprisonment with or without hard labor for a term not exceeding two years and not less than three months, at the discretion of the judge.

Defendant, having waived his right to be tried by a jury, was tried by the judge, and was convicted and sentenced to imprison-

ment in the penitentiary for a term not ex-ceeding two years and not less than one year.

[1] The district attorney has filed a motion to dismiss the appeal, because there was no bill of exception reserved, no motion for a new trial, or motion in arrest of judgment, or assignment of errors, and the district attorney contends that there is no error patent on the face of the record. If the omission of the judge to mention the grade of larceny, in announcing his verdict, was an error on his part, the error is patent on the face of the record. As it requires an exercise of our jurisdiction to determine whether the omission complained of was an error on the part of the judge—the determination of which question will put an end to the appeal on its merits—we cannot dismiss the appeal without having considered and decided it on its merits.

[2] Our opinion is that the verdict "guilty" meant guilty of the grade of larceny charged in the bill of information. It appears from the record that the vanity case stolen was not worth $50, but was worth approximately $25. The value of the article, however, was a question of fact, affecting the degree of guilt, which the judge had to decide in the place of a jury, and of which this court has no jurisdiction. All that the trial judge had to decide in that respect was whether the stolen property was worth less than $20, and, if he had found that it was worth less than $20, he would have had to decide whether it was worth less than $5. The verdict "guilty" meant guilty as charged, which meant that the property stolen was worth $20 or more.

There might be some merit in appellant's complaint, if a jury had rendered the verdict. It might then have been argued that the judge could not impose a sentence for the grade of larceny charged in the bill of information, without being sure that the jury had found the man guilty of that grade of larceny. But, having rendered the ver-dict himself, the judge could not have been in doubt as to what degree of guilt he had found. When the judge imposed the sentence for the grade of larceny charged in the bill of information, he left no doubt that his verdict, "guilty," meant guilty as charged. That is what the unqualified verdict of a jury means, in cases where the jury might convict of an offense less grave than the crime charged. State v. County, 117 La. 419, 41 South. 702; State v. Warner, 117 La. 938, 42 South. 432.

Of the several decisions cited by the attorney for appellant, only two are at all appropriate, viz.: State v. Robertson, 111 La. 809, 35 South. 916, and State v. Coston, 113 La. 717, 37 South. 619. In Robertson's Case the verdict was, not the unqualified verdict "guilty," but "guilty of larceny." Even so, the ruling in the case could not possibly be reconciled with the ruling in State v. County, 117 La. 419, 41 South. 702, and should therefore be considered overruled. What was said on the subject in State v. Coston was only an academic discussion, and the opinion that was then expressed is in direct contrast with the subsequent ruling in State v. County. Besides, it was conceded by the court in Coston's Case that an unqualified plea of guilty to an indictment for petty larceny would mean guilty of the grade of larceny charged in the indictment.

[3-5] There is an apparent error in the bill of information, as it appears in the transcript. The bill is signed by an assistant district attorney, who, instead of alleging that he in his proper person, came into the criminal district court and gave the court to understand and to be informed, etc., alleged that another assistant district attorney, in his own proper person, came into the court and gave the court to understand and to be informed, etc. We doubt that the verdict on such a bill of information would be deemed valid, if the defendant had demurred, or had moved to quash the bill, and if the error had

not then been corrected. But our duty to take cognizance of any error patent on the face of the record does not compel us to annul the verdict for an error which the defendant does not complain of, if it be one which he has the right to waive. The error in this instance, being, no doubt, an inadvertence, and not harmful, might have been, and we assume has been, waived.

The verdict and sentence are affirmed.

DAWKINS and ST. PAUL, JJ., concur in the decree.