OVERTON, J.
 

 Alfred Harville, 'the relator herein, was indicted for murder. He was tried and convicted of the lesser offense of manslaughter. After sentence was imposed, he appealed to this court, where the sentence imposed and the verdict of the jury were annulled and set aside because of certain instructions, given by the sheriff and his deputy to the jury without the sanction of law. State v. Harville 170 La. 991, 129 So. 612.
 

 Upon the return of the mandate to the lower court, relator applied to the judges of the district court, having cognizance of the case, for bail on the ground that having been impliedly 'acquitted of murder by the verdict of manslaughter, which latter verdict was annulled, he was entitled to bail; the charge of manslaughter, which still pended against him, being a bailable offense.
 

 Both of the district judges refused the application on the ground that, since the adoption of the Code of Criminal Procedure, which is Act No. 2 of the Regular Session of 1928, the effect of granting a new trial, whether upon motion in the trial court or\ upon appeal, is to reinstate the entire charge, including the greater offense, upon which a verdict of not guilty had been impliedly ren-, dered, as well as the lesser offense, upon which a verdict of guilty had been rendered, and therefore that the charge of murder is still pending against relator.
 

 The answer to the question as to whether relator is entitled to bail is dependent, under the issue presented, upon whether the charge of murder, in view of the annulment of the verdict of manslaughter, is still pending against relator; murder, save in exceptional instances, unnecessary to mention here, not being a bailable offense, whereas, manslaughter, without exception, is.
 

 The jurisprudence throughout the United States is not uniform upon the question whether á conviction upon an included offense and the granting of a new trial in the case has the effect of reinstating the greater charge, upon which there was an implied acquittal, and thereby cause the latter to be a charge pending, subjecting the accused to another trial thereon, even over his protest. Trono v. U. S., 199 U. S. 521, 26 S. Ct. 121, 50 L. Ed. 292, 4 Ann. Cas. 773; Brantley v. State, 132 Ga. 573, 64 S. E. 676, 22 L. R. A. (N. S.) 959, 131 Am. St. Rep. 218, 16 Ann. Cas. 1203. Up to the time of the adoption of the Code of Criminal Procedure in this state, in the year 1928, by an unbroken line of jurisprudence it was held that, notwithstanding the annulment of the verdict of guilty of the lesser offense, the implied verdict of not guilty of the greater still remained in effect. State v. Hornsby, 8 Rob. 583, 41 Am. Dec. 314; State v. Desmond and Connor, 5 La. Ann. 398; State v. Chandler, 5.La.
 
 *259
 
 Ann. 489, 52 Am. Dec. 599; State v. Dennison, 31 La. Ann. 847; State v. Byrd, 31 La. Ann. 419; State v. Joseph, 40 La. Ann. 5, 3 So. 405; State v. Dunn, 41 La. Ann. 610, 6 So. 176; State v. Smith, 49 La. Ann. 1515, 22 So. 882, 62 Am. St. Rep. 680; State v. Wooten, 136 La. 560, 67 So. 366; State v. Fradella, 162 La. 1067, 111 So. 423.
 

 The respondent judges do not question that the foregoing was the law prior to the adoption of the Code of Criminal Procedure, but their position is that the law as it then stood was changed by articles 279 and 515 of that Code¡ so as to make the annulment of the verdict of manslaughter also an annulment of the implied verdict acquitting relator of murder.
 

 The respondent judges cite article 279 of the Code for the purpose of showing that, if defendant were placed upon trial again, under the indictment, upon the charge of murder, he could not, as to that offense, plead former jeopardy, and they cite article 515 of the Code to show the effect of the granting of a new trial, whether upon motion of the defendant in the trial court or upon appeal.
 

 Article 279 reads as follows: “To constitute former jeopardy it is necessary, that the court in which the former trial took place had jurisdiction, and was legally constituted ; that the f.ormer acquittal or conviction was rendered on a sufficient indictment; that the proceedings ending in the former acquittal or conviction were valid; that the former verdict rendered was responsive to some charge contained in the indictment and was of such form as to be the basis of a valid judgment; and that the offense formerly charged and that presently charged are either identical, or different grades of the same offense, or that one is necessarily included in the other.”
 

 Article 515, cited by the judges, reads as follows: “The effect of granting a new trial is to set at large everything connected with the trial, and merely to grant a retrial of the case, with as little prejudice to either party as if it had never been tried.”
 

 Hie respondent judges urge that, as this court found upon appeal that the proceedings had on the trial, under the indictment, contained error, those proceedings, instead of being valid, as required by article 279 of the Code, were invalid, and therefore that jeopardy did not attach, and hence that relator is subject to trial again upon the charge of murder. However, we are not in accord with this interpretation of article 279 of the Code. The proceedings are deemed valid within the meaning of the article, if they are such as the accused may make binding upon him by acquiescing in them at the time and has done so, or, in other words, if they are such as are merely voidable, prior to acquiescence, and are not absolutely null and void,, producing no legal effect. It may be observed that prior to the adoption of the Code of Criminal Procedure it was considered that the proceedings had to be valid to sustain the plea of former jeopardy, just as it is considered in the Code, and language to that effect was used in the decisions, and yet it was not thought that an error, not producing an absolute nullity, prevented jeopardy fjom attaching. Thus, in State v. Heard, 49 La. Ann. 375, 21 So. 632, it was said: “To entitle the defendant to the plea of former jeopardy, the proceedings must have been valid,” thereby using practically the same language with reference to the proceedings as is used in article 279 of the Code. See, also, 16 C. J. p. 237, ■§'365, where similar language is used with reference to the proceedings with obviously the same meaning. The proceedings had, upon the trial of this case, were merely voidable, and, as we shall later show, only to the extent that relator may be deemed to have complained of them.
 

 
 *261
 
 The contention of the respondent judges that article 515 of the Code of Criminal Procedure, reproduced above, especially when construed in connection with article 279 thereof, also quoted in full above, sets aside, upon the granting of a new trial, the implied acquittal for murder, as well as the-conviction for manslaughter, is not well founded, it is true that the language of article 515 is broad, hut the language is not such as to force a defendant to forego the advantages of an acquittal on the greater charge in order to obtain relief from a conviction on the included charge. What is meant by the article that “the effect of granting a new trial is to set at large everything connected with the trial, and merely to grant a retrial of the case, with as little prejudice to either party as if it had never been tried,” is that the retrial is granted only on the offense on which there has been a conviction with as little prejudice to either party as if the case had never been tried, and to that extent everything connected with it is set at large.
 

 It was only the conviction that relator complained of. He alone had the right to ask for a new trial or to appeal. The state had no such right, and could be given no such right by the Legislature without violating the constitutional guarantee, contained in section 9 of article 1 of the Constitution of 1921, to the effect that no person shall “be twice put in jeopardy of life or liberty for the same offense, except on his own application for a new trial, or where there is a mistrial, or a motion in arrest of judgment is sustained.” 16 C. J. p. 234, § 361.
 

 The only matter that was before this court on the appeal taken was whether relator was entitled to relief from the conviction, and the implied acquittal was not involved. Nor was defendant, by any provision in article 515 of the Code, required to forego the acquittal in order to obtain relief from the conviction. Such was not the requirement pri- or to the adoption of the Code, and we think that, if the Legislature had any intention of undertaking to change the well-established and thoroughly understood jurisprudence in that respect, existing from the beginning, it would have undertaken to do so in unmistakable terms. In fact the language of article 515 is not unlike the language used in State v. Hornsby, 8 Rob. 583, 587, 41 Am. Dec. 314, defining the effect of a new trial, and yet it was not then thought, as appears on page 58S of 8 Rob., that in a case such as this the accused could have been tried again, over his protest, for murder.
 

 We have read the decisions cited by the respondent judges, notably People v. Palmer, 109 N. Y. 413, 17 N. E. 213, 4 Am. St. Rep. 477, and Brantley v. State, 132 Ga. 573, 64 S. E. 676, 22 L. R. A. (N. S.) 959, 131 Am. St. Rep. 218, 16 Ann. Cas. 1203. However forcible the reasoning of these decisions may be, we think that they are not controlling under our law.
 

 Our conclusion is that the only charge pending against relator is that of manslaughter, which is bailable.
 

 Eor these reasons, it is ordered that relator be released on bail, his bond to be fixed by both or either of said judges, the bond to be approved as .directed by law.