140 So. 482

STATE v. PACE.
No. 31611.

Feb. 29, 1932.

Elmer L. Stewart, of De Ridder, for appellant.

Percy Saint, Atty. Gen., E. R. Schowalter, Asst. Atty. Gen., and A. B. Cavanaugh, Dist. Atty., of Leesville (James O'Niell, Sp. Asst. to the Atty. Gen., of counsel), for the State.

ROGERS, J.

The defendant was indicted for robbery and convicted of larceny. He was then informed against and found guilty as a second offender, and was sentenced to imprisonment at hard labor in the penitentiary for a period of not less than five nor more than ten years. From this judgment and sentence, defendant appealed.

The only question raised by defendant on his appeal is that the verdict was not responsive to the indictment or to the charge of the trial judge.

Defendant made no objection to the charge of the judge at the time it was delivered nor to the verdict of the jury at the time it was returned. His objection was made for the first time in a motion for a new trial and renewed in a motion in arrest of judgment. Both motions were overruled by the trial judge on the ground that the complaint therein set forth came too late, and that, under the evidence and the law, the jury was empowered to render a verdict of larceny.

It is too late to object to a charge to a jury in a motion for a new trial. Code Cr. Proc. art. 391; State v. White, 172 La. 1045, 136 So. 47. But it is not too late to object in a motion in arrest to the sufficiency of the verdict. State v. Fradella, 162 La. 1067, 111 So. 423, which can even be inquired into without a motion in arrest, State v. Durane, 153 La.

1021, 97 So. 26, as the error, if any, is patent on the face of the record.

The charge against defendant as laid in the indictment was the robbing of the Pitkin Branch of the First State Bank & Trust Company, of Leesville, La., of the sum of $9,000.

The trial judge charged the jury generally on the law of robbery, and then instructed them that they could return either one of four verdicts, viz.: (1) Guilty as charged; (2) guilty of assault with intent to rob; (3) guilty of larceny from the person; (4) not guilty. The jury's verdict was returned in the following words, to wit: "We the jury find the defendant guilty of larceny."

Therefore, the question presented for determination is whether, in a prosecution for the robbery of a bank of $9,000, a verdict of "guilty of larceny" without mention of the value of the property stolen or the grade of larceny committed is responsive to the charge.

■ Although robbery and larceny are distinct crimes, they are in a generic sense different degrees of the same crime.

Robbery is an aggravated form of larceny, being merely larceny accompanied by force. State v. Wales, 168 La. 322, 122 So. 52.

Hence, since robbery includes larceny, under an indictment for robbery a person may be convicted of larceny. And the trial judge, if he thought the evidence raised the issue, should have charged the jury, as he did, that a verdict of guilty of larceny from the person would be responsive to the charge of robbery for which defendant was being prosecuted.

But the jury did not find defendant guilty of larceny from the person. They found him guilty of plain larceny, and larceny, under our law, is a graded offense. Thus, we have the offense of larceny from the person. Act No. 40 of 1914. And the crime of grand larceny, where the value of the money or goods stolen is $100 or more. Act No. 124 of 1874, § 8. And the crime of petty larceny, where the amount of money or the value of the property stolen is less than $100. Act No. 107 of 1902. And by section 5 of this act, petty larceny, itself, when unaccompanied by any sort of burglary or other crime, is graded.

■■ The jury, in criminal cases, is the exclusive judge of the facts pertaining to the guilt or innocence of the defendant. Therefore, where the grade of the offense depends upon a finding of fact, as it does in a prosecution for larceny, that fact must be found by the jury, the sole function of the judge being to assess the penalty imposed by law for an offense of the grade so found.

A different legal situation might be presented if a defendant were charged, in addition to the crime of robbery, with the crime of larceny of money or property, the value of which was definitely fixed in the indictment. In such a case, the verdict of the jury might be interpreted as convicting defendant of stealing property at least equal in value to the sum necessary to render him guilty of the grade of larceny for which he was specifically indicted, and that a special finding of value is unnecessary. See State v. County, 117 La. 419, 41 So. 702; State v. Durane, 153 La. 1021, 97 So. 26.

In the instant case defendant was indicted for the robbery of $9,000 from the bank in the town of Pitkin. But we do not think that, under such an indictment, the jury's

verdict finding defendant guilty of the lesser crime of larceny can be interpreted as finding him guilty of stealing $9,000 from the bank.

■ Neither the crime of robbery nor the crime of larceny from the person nor the punishment for their commission depends upon values, and in prosecutions for either crime it is unnecessary to expressly set forth and specifically prove the value of the property stolen. Cf. State v. Wells, 25 La. Ann. 372; State v. Thomas, 28 La. Ann. 827; State v. Hill, 46 La. Ann. 736, 15 So. 145; State v. Fourchy, 51 La. Ann. 228, 25 So. 109. This is the case also where the law declares it larceny to steal a particular chattel, irrespective of its value, such as a domestic animal, State v. Hickman, 127 La. 442, 53 So. 680; State v. Lebleu, 137 La. 1007, 69 So. 808, or where the prosecution is for the stealing of a specific amount of money, which, in itself, denotes value, State v. King, 37 La. Ann. 91.

■ But where the grade of larceny or the punishment therefor is determined by the value of the property stolen, the state must allege and prove its value.

■ The verdict returned by the jury in this case found the defendant guilty of larceny only. There was no finding that he was guilty of larceny from the person, nor of the value of the property taken. The verdict does not show whether defendant is punishable for grand larceny under Act No. 40 of 1914 or for any of the grades of petty larceny denounced by Act No. 107 of 1902. Although the value of the stolen property was a question of fact affecting the degree of defendant's guilt, that question was not passed on by the jury, but was necessarily decided by

the judge, when he undertook to sentence defendant under the verdict, which we do not think he was authorized to do.

■ Defendant having been found guilty of the lesser offense of larceny on a charge of the greater offense of robbery, the verdict necessarily operates as an acquittal of the greater offense. State v. Harville, 171 La. 256, 130 So. 348.

For the reasons assigned, the conviction and sentence are annulled, and defendant is ordered discharged, subject to his prosecution on such charge of larceny as the state may elect.

LAND, J., dissents on the ground that the verdict in this case is not in such form as to be the basis of a valid judgment, and has no effect. Article 279, Code of Criminal Procedure.

BRUNOT, J., dissents.

ODOM, J., dissents for the reasons stated by LAND, J.