circumstances support the plaintiff's contention.

Counsel for the defendant, appellant, in his argument, contends that the plaintiff is not entitled to recover the balance due on the contract for the reason that it was to be paid out of the intake from slot and pin ball machines. The counsel cites in support of this contention Articles 2983 and 2984, R.C.C. This issue was not raised by the pleadings and there is no mention of this issue in the appellant's original brief filed in this Court. However, after examining the record we find that the intake from the machines forms no part of the consideration of the sale. It appears that there were machines of this nature in the place of business at the time it was sold, but they were not owned by the plaintiff. The plaintiff was receiving a part of the intake from these machines up to the time of the sale. Counsel lays stress on the fact that the plaintiff told the defendant the intake from these machines was of a sufficient amount to meet the payments on the balance due under the contract. The Articles of the Civil Code cited by the counsel would not be applicable under the facts in this case. The mere statement of the plaintiff that the intake was sufficient to meet the payments is not equivalent to an agreement that the payments are to be made from the intake.

For the reasons assigned, the judgment appealed from is affirmed at appellant's cost.

FOURNET, J., absent.

195 So. 532

**STATE v. CHAMBERS.**

No. 35573.

April 1, 1940.

Lessley P. Gardiner, Atty. Gen., James O'Connor, Asst. Atty. Gen., and Charles L. Munson, Dist. Atty., and Sam J. D'Amico, both of St. Francisville, Sp. Counsel for State, for plaintiff-appellee.

Rufus D. Hayes, of Baton Rouge, and C. Ory Dupont, of Plaquemine, for defendant-appellant.

PONDER, Justice.

The defendant, William H. Chambers, was charged in a bill of information with the larceny of a pointer dog of the value of $200, the property of George Connell. The defendant was convicted of petty larceny and sentenced to a term of thirty days in jail. The defendant has appealed.

During the course of the trial three bills of exceptions were taken to the rulings of the court by the defendant's counsel.

Bill of exception No. 1 was taken to the overruling of a motion to quash the bill of information on the ground that the defendant was not charged with the violation of any law known to the State of Louisiana. The motion to quash is predicated on the absence of an allegation that the dog was assessed or placed on the assessment rolls. Counsel takes the position that under the provisions of Act No. 107 of 1882 a dog is not personal property unless it be assessed or placed on the assessment rolls. He cites in support of this contention Act 107 of 1882; Duval v. Harvey, 148 La. 739, 87 So. 730; and Henderson v. Lancaster, 2 La.App. 680, 684.

The status of the dog has been the subject of considerable discussion in the courts for some time, more so than that of any other animal. The authorities differ as to whether or not the dog is property in the full and unqualified sense of the term. However, the modern rule recognizes the dog to be property of the same character as that of any other domestic animal and subject to ownership as such. The ancient rule, which did not recognize the dog as personal property, has been changed by statute or evolution of the law. The present day tendency is to eliminate the inconsistencies of the old rule by legislation and judicial decisions recognizing a full and complete property in a dog. A dog is now generally considered a domestic animal.

Sections 1 and 2 of Act No. 107 of 1882 read:

"Section 1. From and after the passage of this act dogs owned by citizens of this state, are hereby declared to be personal property of such citizens, and shall be placed on the same guarantees of law as other personal property; provided, such dogs are given in by the owner thereof to the assessor."

"Section 2. No dog shall be entitled to the protection of the law unless the same shall have been placed upon the assessment rolls."

From a reading of the Act it is apparent the Legislature intended to recognize a dog as personal property and place it on the same guarantees of law as any other personal property. The requirement of the owner to assess a dog before it is entitled to the protection of the law is nothing more than the owner is required to pay taxes on it in the same manner as he pays taxes on other personal property. In other words, it requires the owner to bear the same burden of taxation on this property, the dog, as is borne on other personal property. Under the provisions of Article 10, Section 4 of the Constitution of this State, as amended, cattle, livestock, animals and poultry are now exempt from taxation. It would be a vain and useless thing to have a dog assessed as it is exempt from taxation. The law does not require one to do a vain and useless thing.

The cases cited by the defendant were determined prior to the amendment of the Constitution exempting animals from taxation and are not now pertinent.

Counsel contends that penal statutes must be strictly construed and since the Act of the Legislature requires the assessment of a dog before it becomes property that it would require a broad and liberal interpretation of the larceny statute to hold the larceny of a dog comes within its scope. In support of this contention he cites State v. Leo, 108 La. 496, 32 So. 447, and State v. Peters, 37 La. Ann. 730. These cases are authority to the effect that the statute must be strictly construed and that its purpose must be manifest. The purpose must find expression in the language of the law itself and although it is admissible sometimes to restrain the generalities of the terms of a law to exclude from its operation ex-

ceptional cases, yet courts are not authorized to eke out or enlarge the terms of a limited law so as to place thereunder cases not fully included, by inadvertence or other causes. We do not find this to be the case with reference to the larceny statutes of this State. The larceny statutes include the larceny of any property or money or object or objects of value. If there was merit in the contention that the larceny of a dog is not covered by the statute, since the dog has been recognized as personal property, this same contention could be advanced if any other kind of property was involved. The clear purpose of the larceny statutes is to include any property of value. In the instant case a value is alleged in the bill of information.

Bill of exception No. 2 was taken to the overruling of a motion in arrest of judgment. The motion in arrest is predicated on two grounds. The first ground is a reiteration of the issue raised in the motion to quash which we have already discussed. The other ground is an attack on the verdict of the jury. The verdict was as follows: "Guilty of Petty Larceny." The jury did not place any value on the property. The crime of larceny in this State is graded and the penalty is fixed according to the value of the property.

Article 522 of the Code of Criminal Procedure reads:

"A valid sentence must rest upon a valid verdict, indictment and statute, and everything essential to punishment must be found by the verdict and alleged in the indictment."

Section 8 of Act No. 124 of 1874 provides that larceny of property of the value of $100 or more constitutes grand larceny and the larceny of property of less than $100 constitutes the crime of petty larceny. Section 5 of Act. No. 107 of 1902 grades the crime of petty larceny. Under the provisions of this. Act there are three different grades of petty larceny depending on the value of the property. It would be impossible for the judge to sentence the accused in the absence of the jury fixing the value of the property in its verdict. The value of the stolen property is a question of fact affecting the degree of the defendant's guilt which should be determined by the jury and which cannot be determined by the judge. State v. Pace, 174 La. 295, 140 So. 482.

The State in its brief cites State v. County, 117 La. 419, 41 So. 702; State v. Durane, 153 La. 1021, 97 So. 26; State v. Malloy, 30 La.Ann. 61. These cases and the prior jurisprudence of the State touching this question were fully discussed by this Court in the case of State v. Pace, supra. We can see no purpose gained by again reviewing this. jurisprudence since it was held in State v. Pace, supra, to the effect that it was. the function of the jury to evaluate the stolen property.

Bill of exception No. 3 was taken to the overruling of a motion for a new trial. The motion for a new trial

reiterates the issues raised in the motion to quash and the motion to arrest the judgment and in addition thereto sets out that the verdict is contrary to the law and the evidence.

A motion for a new trial on the grounds that the verdict is contrary to the law and the evidence presents nothing for review. We have so repeatedly held that a motion based on these grounds presents nothing for review that it is unnecessary to cite authorities to that effect. The other issues raised in the motion were determined in our discussion of the motion to quash and the motion to arrest the judgment.

For the reasons assigned the conviction and sentence are annulled and the case is remanded to the district court for a new trial.