(33 South. 602.)

No. 14,392.

RAUSCH et al. v. BARRERE.*

(Nov. 17, 1902.)

#### APPEAL—WHEN ALLOWED—JURISDICTION OF SUPREME COURT—SHEEP-KILLING DOGS —CONSTITUTIONAL LAW.

1. An appeal is a remedy intended for a litigant who complains of error in the judgment of an inferior court which he desires to have corrected in a court of superior and appellate jurisdiction. If he complains of no error which can be so corrected, the appeal should not be allowed.

. 2. In a civil case involving the constitutionality of a law or ordinance, where the matter in dispute or the fund to be distributed is less than $2,000, and where neither the constitutionality nor legality of any tax, toll, or impost whatever, or of any fine, forfeiture, or penalty imposed by a municipal corporation, is in contestation, the appellate jurisdiction of this court can be invoked only when the law or ordinance has been adjudged unconstitutional, and to the extent necessary for the review of the judgment so rendered, and a litigant in whose favor such judgment has been rendered, and who makes no complaint thereof upon the question of law, has no right to be heard in this court upon the facts.

3. Where, however, an appeal has been granted in such case, and the adverse litigant, against whom the constitutional question has been decided, has answered thereto, complaining of error and asking for its correction, the appellate jurisdiction of the court will be maintained for the purposes of such answer.

4. Section 6 of Act No. 111 of 1886, authorizing the recovery, by the owner of a sheep or lamb killed by a dog from the owner of the dog, of ten times the damages sustained, does not deprive the owner of the dog of the equal protection of the law, and is not unconstitutional.

5. The judge a quo having found the statute mentioned constitutional in so far as it authorizes the recovery of the value of the sheep or lamb killed, with attorney's fees and costs, and having determined the amount of the same, and condemned the defendant therefor, the case

was, with respect to those matters, not appealable to this court; and, having held said statute to be unconstitutional only in so far as it authorizes the recovery of ten times the damages sustained, the appeal, with the answer thereto, bring within the jurisdiction of this court only the question of constitutionality last mentioned, and the reversal of the judgment on that question entitles the plaintiffs, as a matter of law, to the damages authorized by law.

(Syllabus by the Court.)

Appeal from judicial district court, parish. of St. Tammany; James M. Thompson, Judge.

Actions by John P. Rausch and Herman Schultz against Joseph Barrere, which were consolidated. Judgment for plaintiffs, and defendant appeals. Modified.

Harvey E. Ellis (Benjamin Rice Forman,. of counsel), for appellant. Benjamin Moore Miller and Scott Lea Williams, for appellees.

#### Statement of the Case.

MONROE, J. The plaintiffs in these cases, allege that the defendant was the owner of a dog, which, to his knowledge, was addicted to killing sheep, and that on the 11th of February, 1901, the dog killed five lambs. belonging to the one of them and ten belonging to the other; that the lambs were worth $2.50 each; and that defendant is liable, by law, for ten times their value, together with certain expenses, including attorney's fees. And they pray judgment accordingly.

The defendant excepts that the Acts Nos.. 111 of 1886 and 143 of 1900, under the first of which the suits were brought, are unconstitutional, in that they embrace more than one object, and that their objects are not expressed in their titles; that, if constitutional, the act of 1900 repeals the act of' 1886, and confers upon the police juries authority to enact ordinances for the protection of sheep, which authority has not been exercised; and that the petitions disclose no cause of action. The exceptions were overruled in limine, and the defendant answered, denying that he was the owner or keeper of' any dog that had ever molested sheep, but admitting that he had a bird dog in his possession, which belonged to his son, who resided in New Orleans, and had attained majority.

---

*Rehearing denied February 16, 1903.

After a trial on the merits, the judge a quo found as a fact that the defendant's dog had killed the plaintiffs' lambs, as alleged, and that the lambs were worth the amount sued for; but he reached the conclusion that the provisions of the act of 1886, under which the plaintiffs claim ten times the value of the lambs, are unconstitutional, and he accordingly gave judgment for the value of the lambs, with $25 as attorney's fees in each case, and costs. From this judgment the defendant has appealed, and has filed in this court (1) an assignment of errors, setting forth that the judge a quo erred in holding the defendant liable for the fees of the plaintiffs' attorneys, and that he also erred in holding that there was sufficient evidence to support the judgment rendered; (2) an exception to the effect that the act of 1886 is repugnant to article 14 of the Constitution of the United States, in that it takes defendant's property without due process of law, and does not afford him the equal protection of the law; that it is repugnant to the state Constitution for the reasons given in the exceptions originally filed, and for the further reason that it is a special law changing the rule of evidence; and that act No. 143 of 1900 is obnoxious to the same objections. The plaintiffs, on the other hand, have filed an answer to the appeal, in which they ask that the judgment appealed from be increased to the amount prayed for in the petition.

In granting the appeal, the learned judge a quo makes the following comment, to wit: "In the foregoing case I rendered a decision against the constitutionality of an act of the legislature, but, as this decision was in favor of defendant, I have grave doubts as to whether he is entitled to an appeal. As the article of the Constitution is doubtful on this point, I hereby grant the order. Let the defendant be granted a suspensive appeal," etc.

## Opinion.

Article 85 of the Constitution provides that the appellate jurisdiction of this court shall extend, inter alia, to all cases—

"Where the matter in dispute, or the fund to be distributed, whatever may be the amount therein claimed, shall exceed two thousand dollars exclusive of interest, * * * and to all cases in which the constitutionality or legality of any tax, toll, or impost, whatever, or of any fine, forfeiture, or penalty, imposed by a municipal corporation, shall be in contestation, whatever may be the amount thereof, and to all cases wherein an ordinance of a municipal corporation or a law of this state has been declared unconstitutional, and in such cases the appeal, on the law and the facts shall be directly from the court in which the case originated to the Supreme Court," etc.

Hence, unless there is a tax, toll, or impost in contestation, or a fine, forfeiture, or penalty imposed by a municipal corporation, the right of appeal to the Supreme Court under the provisions cited depends upon the amount involved, except where "an ordinance of a municipal corporation or a law of this state has been declared unconstitutional."

In the instant case the amount involved is less than $2,000, and the plaintiffs sue to recover compensation for injury, together with a penalty imposed by a law of the state, which is neither a tax, a toll, nor an impost. And it is only by reason of the fact and to the extent that the law has been declared unconstitutional that this court can exercise jurisdiction of the appeal. It follows, therefore, that, in so far as the judgment of the district court deals with the questions presented by the pleadings, neither of the litigants had a right of appeal to this court; since, with respect to those questions, the law was held to be constitutional. In the reasons assigned for the judgment finally rendered, however, the judge a quo says:

"In considering the amount of damages to be granted, I am impressed with the gross injustice and inequality of section 4 [meaning, no doubt, section 6] of Act No. 111. It is true that in the trial of the exception as to the constitutionality of the act I decided that it was constitutional, but there is a grave objection to the enforcement of section 4, not raised in the pleadings, but presenting itself to me in assessing damages. Does not the section deprive the owners [of dogs] of that equal protection guarantied by the letter and spirit of the Constitution? A man may kill a sheep, or his horse or cow may kill a sheep, and the damages will be the value of the sheep. Yet it is declared by the section in question that if a dog kills a sheep the

damages shall be tenfold. As dogs are property, this is an unjust discrimination against the owners of dogs. It will be noted that the section does not punish a man for keeping a dog which he knows to be dangerous to sheep, but by the bare fact that any dog kills a sheep the damages are to be tenfold."

And, after citing authority, he proceeds:

"For the above reasons, I do not find that the plaintiffs are entitled to more than the value of the lambs and a reasonable amount as attorney's fees."

The section to which this language applies reads as follows:

"Sec. 6. \* \* \* That if any dog shall kill, maim, or bite any sheep, or lamb, the owner of the same shall recover from the owner, or keeper, of said dog ten times the amount of damages sustained and costs, together with a reasonable amount for his necessary expenses, loss of time, and attorney's fees incurred by such suit, which shall be collected as costs."

It has been held by this court on more than one occasion that the constitutionality of a law would not be considered where the issue had not been raised in the court of first instance. State of Louisiana v. Widow J. C. De St. Romes, 26 La. Ann. 753; Board of Medical Examiners v. Fowler, 50 La. Ann. 1363, 24 South. 809. This ruling was applied in cases where the issue of constitutionality vel non had been neither raised nor decided; but where such issue has been decided, though not raised by the pleadings, the decision is necessarily subject to revision upon an appeal properly before us. Whether, in this case, the defendant was entitled to an appeal, is a question which might well have been decided in the negative. "An appeal" is defined by the Code of Practice (section 564) to be "the act by which one of the parties to a suit has recourse to a superior tribunal, in order to have the judgment of an inferior court corrected"; but with respect to the only matter brought up by this appeal the appellant neither asks nor desires any correction of the judgment appealed from, since that judgment, in so far as it maintains the constitutionality of the statute involved, is not appealable to this court, either upon the law or the facts, and, in so far as it holds the statute to be unconstitutional, is in favor of the defendant. We,

however, appreciate the view agreeably to which the benefit of the doubt was given in favor of the right of appeal; and, considering that the judgment rendered was appealable to this court by the plaintiffs, if not by the defendant, and that, by reason of its having been granted, the plaintiffs have probably been led to rely upon their answer thereto for the correction of the judgment, in so far as they have a right to complain of it, we are of opinion that it should be maintained to the extent necessary for that purpose. Bearing in mind, in this connection, that quoad the right of the plaintiffs to recover the value of their property, together with attorney's fees and costs, the law under which the suits were brought has been held to be constitutional, notwithstanding all the objections which were either pleaded or considered, and that it has been held to be unconstitutional only with respect to the provisions agreeably to which the plaintiffs claim ten times the value of their property, it follows that this latter, which is purely a question of law, is the only question now presented for the consideration of this court.

The reasoning and conclusion of our brother of the district court are that the man himself, or his horse, or his cow, may kill a sheep without becoming liable for more than the value of the sheep, and that, as the law recognizes a right of property in a dog, the imposition of a penalty equal to ten times such value in the case of a sheep killed by a dog is an unjust discrimination against the owner of the dog, and deprives him of the equal protection of the law. And the counsel for the defendant add, by way of further illustration, that, if the defendant kept a wolf that killed a sheep, or if his dog killed a calf, instead of a sheep, he would be liable only for the value of the animal killed.

The answer to this is that different remedies may be provided in different classes of cases, and that legislation directed against real evils need not, in order to be within the rule requiring that it shall afford equal protection to all, provide for those that are imaginary. We know that dogs kill sheep, and that horses and cows do not. Why, then, because it is necessary to protect a sheep-raising community from the ravages of dogs, should the statute books be burdened with legislation on the subject of horses and

cows? We know that the dog is the friend of man (though not always of sheep), is an inmate of every country household, and is allowed to run at large, but that the wolf occupies no such relation, and enjoys no such privilege. Why, then, should a law relating to the keeping of dogs be held unconstitutional because it does not impose the same conditions with regard to the keeping of wolves? It is true that a man may maliciously or wantonly kill his neighbor's sheep, as he may steal his neighbor's ox, or without permission ride his neighbor's horse, but it has never been considered that the same penalty must be imposed in each case, or that the penalty imposed for sheep-killing by a man must necessarily be the same as that imposed for sheep-killing by dogs.

It is also true that the law of this state recognizes a qualified right of property in dogs; but the right of property in dynamite is perfect, and yet no one doubts the power of the state to regulate, under penalty, the handling of dynamite, nor would a law to that effect be considered unconstitutional if it failed to impose the same restrictions and penalties with respect to the handling of cotton seed meal. The act of 1882 (No. 107), which declares dogs to be personal property, also provides that they shall be given in by the owner to the assessor, and shall not be entitled to the protection of the law unless placed on the assessment rolls, and that the owner of a dog killed or injured shall be entitled to recover only the value as fixed by himself in the last preceding assessment. This is not true with regard to other property, and yet it has been held by the Supreme Court of the United States that the statute is constitutional. Mr. Justice Brown, as the organ of the court, said, inter alia:

"Even if it were assumed that dogs are property in the fullest sense of the word, they would still be subject to the police power of the state, and might be destroyed, or otherwise dealt with, as, in the judgment of the Legislature, is necessary for the protection of its citizens. * * *

"Although dogs are ordinarily harmless, they preserve some of their hereditary wolfish instincts, which occasionally break forth in the destruction of sheep, and other helpless animals. Others, too small to attack these animals, are simply vicious, noisy, and

pestilent. As their depredations are often committed at night, it is usually impossible to identify the dog, or to fix liability upon the owner, who, moreover, is likely to be pecuniarily irresponsible. In short, the damages are usually such as are beyond the reach of judicial process, and legislation of a drastic nature is necessary to protect persons and property from destruction and annoyance. Such legislation is clearly within the police power of the state. It ordinarily takes the form of a license tax, and the identification of the dog by a collar and tag, upon which the name of the owner is sometimes required to be engraved; but other remedies are not uncommon. In Louisiana there is only a conditional property in dogs. * * * It is purely within the discretion of the Legislature to say how far dogs shall be recognized as property, and under what restrictions they shall be permitted to roam the streets. * * * There is nothing in this law that is not within the police power," etc.

Sentell v. N. O. & City R. R. Co., 166 U. S. 698, 17 Sup. Ct. 693, 41 L. Ed. 1169.

For the reasons given, it is ordered, adjudged, and decreed that the judgment appealed from be reversed in so far as it holds the Act No. 111 of 1886 to be unconstitutional and denies to the plaintiffs the right to recover as conferred by the sixth section of that act, and that in other respects it be amended so as to increase the amount awarded to the plaintiff John P. Rausch by $112.50, and the amount awarded to the plaintiff Herman Schultz by $225, and, as amended, affirmed; the defendant to pay all costs.