(87 South. 730)

No. 24350.

### DUVAL v. HARVEY.

### In re DUVAL.

(Feb. 28, 1921.)

*(Syllabus by Editorial Staff.)*

**1. Animals ⟨⟩1—Possession of unassessed dog essential to property right in animal.**

Under Act No. 107 of 1882, providing that no dog shall be entitled to the protection of the law unless placed on the assessment roll, an unassessed dog has the status of a wild animal to a certain extent, and if the master loses possession of the animal, all legal relation between him and the dog ceases, and the master's subsequent assessment of the dog is devoid of legal effect.

**2. Taxation ⟨⟩88—Assessor cannot assess man with dog of which he has lost possession.**

An assessment of a dog to a man, who had previously lost possession of the dog, was null for want of authority in the assessor to make it, as an assessor is authorized to assess to a man only the things that the man has.

**3. Animals ⟨⟩4—Dog license statute inapplicable to parish of Orleans.**

Act No. 198, of 1910, § 3, providing that the payment of the license tax which police juries are therein authorized to impose on dogs shall constitute as property the dog upon which it is paid, is inapplicable to the parish of Orleans, which is wholly absorbed by the city of New Orleans, and is not governed by a police jury.

**4. Taxation ⟨⟩58—Dog license law held not to repeal tax law.**

Act No. 239 of 1918, imposing a license tax on dogs, and, without making payment of the license obligatory, directing the sheriff to deliver a license tag to any citizen applying therefor, is not inconsistent with, and does not repeal, Act 107 of 1882, providing that no dog not placed on the assessment roll shall be entitled to the protection of the law.

Action by Theodore Duval against William Harvey. The suit was dismissed by the Court of Appeal, and plaintiff applies for a writ of certiorari and review. Affirmed.

Joseph Harris Brewer, of New Orleans, for relator.

Frank S. Normann, of New Orleans, for respondent.

PROVOSTY, J. Plaintiff has caused a dog in the possession of defendant to be sequestered, and asks that the dog be decreed to be his property and be delivered to him.

An exception of no cause of action was sustained by the Court of Appeal, and the suit dismissed.

For what reason we are not informed by the record, but gather from the briefs that it was because of Act 107 of 1882, which provides that dogs are "declared to be personal property, * * * and shall be placed on the same guaranties of law as other personal property; provided, such dogs are given in by the owner thereof to the assessor;" and that "No dog shall be entitled to the protection of the law unless the same shall have been placed upon the assessment rolls."

Plaintiff alleges that the dog was stolen from him in February, 1919. He does not allege that it was then assessed; but he alleges that it was assessed to his name in 1920. We may mention, in passing, that defendant says that this assessment was made on the day preceding the filing of this suit, and in order to lay a foundation for the suit.

[1] An unassessed dog not being property, and being outside the pale of the law, its legal status is the same as that of a wild animal, except that the wild animal becomes property the moment it is reduced to possession, whereas the pariah status of the dog continues so long as he is not assessed. If the captor of a wild animal suffers it to escape, all legal relation between him and the animal ceases; the legal situation becomes as if no legal relation had ever existed between

them. And so it is as between the master of an unassessed dog and the dog if the master loses possession of the animal; all legal relation between them ceases, and the situation becomes as if no legal relation had ever existed between them. The two are then as wholly strangers to each other as if they had never been otherwise. Hence, when plaintiff, who had lost possession of this dog in 1919, caused it to be assessed in 1920, the legal situation was as if plaintiff had caused, some strange dog, to which he had theretofore never laid claim, to be assessed. The assessment was simply devoid of legal effect.

[2] Looking at the assessment from another angle, it is null because ·the assessor was without authority to make it. An assessor is authorized to assess to a man only the things that the man has, and plaintiff did not have this dog at the time this assessment was made.

[3] Plaintiff alleges that when the dog was stolen from him he had already paid for it the dog license tax of the city of New Orleans for the year 1919, and contends that the payment of this license had the effect of constituting the dog property under section 3 of Act 198, p. 334, of 1910, and that by this Act of 1910 the said Act of 1882 was repealed.

In thus contending, the learned counsel for plaintiff overlooks the fact that the said Act of 1910 has no application to the parish of Orleans, where plaintiff lives and where this case has arisen. Said act authorizes police juries—not the governing authorities of municipal corporations—to levy the license it provides for, to the payment of which its section 3. attributes the effect of making the dog for which the license is paid property; and, as is well known, the parish of Orleans is not governed by a police jury, but exists only in name, possessing no government of its own, its territory being wholly absorbed by the city of New Orleans.

[4] Moreover, the brief of the learned counsel shows that the license tax which was paid in 1919 was the state license tax provided for by Act 239, p. 429, of 1918, to the payment of which the effect of constituting the dog for which it is paid property is attributed by no law.

This act of 1918 conflicts in no wise with the said Act of 1882; hence until assessed the dog continues outlawed, even though the state license tax of the said Act of 1918 has been paid for him.

By imposing a revenue license on dogs the Legislature would by implication be recognizing that they were property, but a statute imposing a license need not necessarily be a revenue measure; it may be a mere police regulation; and this Act of 1918 would appear to be intended to be of the latter character, since it does not make the payment of the license which it provides for obligatory. Its language is not that a yearly license shall be paid for every dog; but it is that the sheriff shall keep license tags, and shall deliver one "to any citizen of the state of Louisiana who may apply therefor." Apparently, by the way, a person not a citizen of the state of Louisiana would have no right to one of the tags.

However, even in the case of a license clearly imposed for revenue, and not merely by way of police regulation, such a repeal by implication could be deduced only in the absence of a contrary statute; and in the present case the said Act of 1882 is such a contrary statute. It could be held to be repealed by the Act of 1918 only if the two acts could not coexist, i. e., only if the latter act covered the entire ground, and were inconsistent; whereas it does not cover the same ground, and is not inconsistent. The two statutes appear to be in the nature of police regulations; and they do not clash. That dogs are a proper subject of police regulation has been expressly decided. Sentell v. Railway Co., 166 U. S. 698, 17 Sup. Ct. 693, 41 L. Ed. 1169; Rausch v. Barrere, 109 La. 563, 33 South. 602.

Judgment affirmed at plaintiff's cost.