## JEANE v. JOHNSON et al.
### No. 1333.

Court of Appeal of Louisiana.
First Circuit.
May 8, 1934.

Fern M. Wood, of Leesville, for appellant.

S. I. Foster, of Leesville, for appellee.

MOUTON, Judge.

This suit is for the alleged value of a dog killed by defendants.

Defendants filed an exception of no right or cause of action which was overruled.

An answer was thereafter filed, the case was tried on the merits, resulting in a judgment for plaintiff, from which this appeal is taken by defendants.

Much evidence was taken as to whether the dog had been assessed or was of a vicious disposition or character.

When a dog is assessed, it becomes the personal property of the owner, and of this there cannot be any question. Act No. 107 of 1882, p. 160; Duval v. Harvey, 148 La. 739, 87 Só. 730.

After the enactment of that statute, Act No. 239 of 1918, p. 429, was passed. Section 1 of that act declares it unlawful, for any person to permit his dog to run at large, or trespass on the lands of another.

Section 2 of the act provides that dogs shall have "brass license tax tags" to be furnished by the sheriffs of each parish.

Section 3, after providing for the impounding of dogs, says: "Provided, that any citizen or officer may kill any dangerous or vicious dog, or dogs not registered as herein provided for," etc.; and, in concluding, reads, as follows: "No citizen or officer shall be liable to damages or to prosecution by reason of killing any dog as herein provided."

Obviously, the words, "not registered as herein provided for," etc., in the foregoing excerpt, mean not tagged, as required under section 1 of the statute.

The amended petition filed by plaintiff virtually admits that his dog was not tagged, and it is not contended that he was.

In Sentell v. N. O. & City R. R. Co., 166 U. S. 698, 17 S. Ct. 693, 695, 41 L. Ed. 1169, cited by the court in the case of Rausch et al. v. Barrere, 109 La. 563, 33 So. 602, the United States court said: "Even if it were assumed that dogs are property in the fullest sense of

the word, they would still be subject to the police power of the state, and might be destroyed or otherwise dealt with, as in the judgment of the legislature is necessary for the protection of its citizens."

Continuing, the court refers to legislation of a drastic nature which had been enacted for the protection of persons and property from annoyance and destruction. After making this reference, the court says: "In Louisiana there is only a conditional property in dogs. * * * It is purely within the discretion of the legislature to say how far dogs shall be recognized as property, and under what restrictions they shall be permitted to roam the streets."

■ At common law property in dogs has always been held "base" and entitled to less protection than property in domestic animals. First, dogs, do not serve for food, and for that reason they have no intrinsic value. Blackstone, vol. 4, 236; The Law of Animals, Ingham, § 41, p. 57.

■ This coincides with the statement of the court in above citation, where it says, "It is purely within the discretion of the legislature to say how far dogs shall be recognized as property, and under what restrictions they shall be permitted to roam the streets."

This decision refers to dogs that have been assessed and are recognized as property; still the Legislature can say under what "restrictions they shall be permitted to roam the streets."

■ Section 1 of Act No. 239, 1918, p. 429, to which we have referred, in declaring that dogs should not run at large, evidently has reference to dogs assessed; otherwise it would not have provided for no liability in damages where killed by a citizen or officer, as no damages could be claimed for a dog not assessed, as such is not property. A dog roaming at large must, however, be "tagged," as required under section 3 of that statute, to entitle the owner to recover for its value, if killed.

■ In this case, the dog was not accompanied by its owner or a keeper, was roaming at large several miles away from the home of its owner, the plaintiff, when killed by defendants, who are not liable in damages, unless there is some merit in the contention of plaintiff's counsel that, as no tags were provided for dogs in the parish of Vernon where plaintiff lives, he is entitled to the damages claimed.

Civil Code, art. 5, reads, as follows: "The laws shall be executed throughout every part of this State from the moment they shall be promulgated in the manner prescribed."

There can be no question here that the statute in question was properly promulgated when this killing occurred; hence plaintiff can find no refuge in the plea that it was not observed or executed by the secretary of state or sheriff of Vernon parish.

■ "After the promulgation, no one can allege ignorance of the law." Civ. Code, art. 7.

Plaintiff must therefore be charged with knowledge of the existence of that statute which required his dog to be tagged before it could be allowed to run at large, if he desired protection for its value in case it was killed.

As it must be held that he knew of that statutory requirement, he should have kept his dog on his premises or should have accompanied it or had it in charge of a keeper, as provided for in Act No. 239 of 1918.

■ It was certainly not the duty of the defendants to take note of the failure of the officers to perform their duties in reference to these dog tags. On the contrary, defendants had the right to presume that these officers had performed their duty, and that, as the dog was not tagged, it could be killed with impunity. Defendants were protected by the state law on the subject, and cannot be held in damages, under the circumstances and for the reasons hereinabove given.

Plaintiff has no right of action, and the exception to that effect filed by defendants must be maintained.

It is therefore ordered, adjudged, and decreed that the judgment overruling the exception of no right of action and decreeing damages to plaintiff be and is hereby annulled, avoided, and reversed, that the exception of no right of action be and is hereby maintained, and that plaintiff's demand be dismissed at his cost in both courts.