KENNON, Justice.
 

 An indictment was returned against the defendant in the Parish of Iberia, La., charging him with having “ * * * committed simple criminal damage to property by intentionally killing one registered pointer dog of a value of Two Hundred ($200.00) Dollars the property of Oliver L. DeGravelle. Contrary, etc. * * * ”
 

 The defendant filed a motion to quash and a demurrer — both setting out the same grounds, namely, that the indictment charging the killing of the dog was fatally defective for the following reasons: (1) That the indictment did not allege that the dog had been placed on the assessment roll of the Parish of Iberia, as required by Act No. 107 of 1882; and (2) that the indictment did not allege that the owner of the said dog had paid for and obtained and placed on a collar around the neck of said dog a brass license tax tag, nor that the dog had such a tag on his collar at the time of the alleged killing, as required by Act No. 239 of 1918.
 

 He prayed that the indictment be declared null and void and that he be discharged from custody and his bond can-celled.
 

 After argument, the district judge sustained the motion to quash and ordered the indictment dismissed and the bail bond of the defendant cancelled. The State has appealed.
 

 The first contention of the defendant, namely, that the bill must fall because the dog was not placed on the assessment roll as required by Act No. 107 of 1882 is without legal merit.
 

 It is true that Section 2 of the Act in question provides that “ * * * no dog shall be entitled to the protection of the law unless the same shall have been placed upon the assessment rolls,” however, Article X, Section 4 of the Constitution of 1921, as amended, states that cattle, livestock, animals and poultry are now exempt from taxation; and in State v. Chambers, 194 La. 1042, 195 So. 532, this Court held that a dog is “property” of the same character as that of any other domestic animal and that the requirement of Section 1 of Act 107 of 1882 that dogs are personal property “ * * * provided [they] are given in by the owner thereof
 
 *183
 
 to the assessor,” has been abrogated by the above quoted constitutional provision. Therefore, the first ground of the defendant’s motion to quash must fail.
 

 The second ground urged by the defendant is that the owner of the dog had not secured and placed on a collar around the animal’s neck the license tag required by Act 239 of 1918, etc. The district court, in sustaining the motion to quash, gave the following cogent reasons:
 

 “The accused is charged under Article 56 of the Criminal Code of Louisiana for simple criminal damage to property by intentionally killing the dog of another. This is a general statute and covers 'all kinds of property.
 

 “The motion to quash is based on a special statute relating only to dogs. This statute is Act 239 of 1918, Section 3 (Dart’s 361). It provides in part: ‘Provided, that any citizen or officer may kill— dogs not registered as herein provided for • — -No citizen or officer shall be liable to damages or to prosecution by reason of killing any dog as herein provided.’
 

 “The registration therein mentioned is provided for in the other sections of this act. It constitutes (consists) of registration with the Sheriffs of the respective parishes and the issuance of a tag to be worn by the dog on a collar.
 

 “Even though a dog is registered and is wearing the required tag, he may be killed without criminal or civil liability if he is dangerous or vicious, or if he runs at large after his owner or keeper has been notified not to permit it, and such dog is found off the premises and out of the control of the owner or keeper.
 

 “Therefore, in order to charge a crime for killing a dog, the indictment, or information, must show that the killing was not done under one of the three conditions permitted by law. It is not a crime if done under either of these three conditions.
 

 “The registration mentioned in the indictment refers to the qualities of the dog and not to the registration for a tag provided for by this act.” (Parenthesis ours.)
 

 The authorities sustain the district judge’s conclusion. In Jeane v. Johnson et al., La.App., 154 So.
 
 757,
 
 the Court of Appeal of the First Circuit maintained an exception of no right of action to a suit for the value of the plaintiff’s dog that had been killed by the defendant. The decision was based squarely on the premise that the plaintiff had not alleged that the dog was tagged as required by Act 239 of 1918.
 

 While the above section of the statute, which permits the killing of untagged dogs, may appear to be harsh on casual reading, particularly to those who love their dogs as companions at home, on the hunt, or as pets for their children, the fact remains that even the gentlest of these fine animals may become infected with rabies-and become extremely dangerous.
 

 In Sentell v. New Orleans & City R. Co., 166 U.S. 698, 17 S.Ct. 693, 695, 41 L.Ed. 1169 (cited by this Court in the case of Rausch et al. v. Barrere, 109 La. 563, 33 So. 602), the United States Supreme Court said:
 

 
 *185
 
 “Even if it were assumed that dogs are property in the fullest sense of the word, they would still be subject to the police power of the state, and might be destroyed or otherwise dealt with, as in the judgment of the legislature is necessary for the protection of its citizens.”
 

 It is not ascertainable from a reading of the indictment whether the defendant committed a crime by killing a properly registered and tagged dog or whether he simply exercised the right granted to him as a citizen under Section 3 of Act 239 of 1918 and has been indicted for doing an act which he had a legal right to do, and for which prosecution is specifically forbidden.
 

 For the reasons assigned, the judgment of the district court dismissing the indictment and cancelling the bail bond of the defendant is affirmed.