360 So.2d 213 (1978)
Succession of Lucien William ROLLAND, Sr.
No. 9564.
Court of Appeal of Louisiana, Fourth Circuit.
June 7, 1978.
Rehearing Denied June 26, 1978.
Meunier, Martin & Meunier, Richard J. Meunier, New Orleans, for appellees.
F. L. Morris, Metairie, for appellant.
Before SAMUEL, REDMANN and BEER, JJ.
SAMUEL, Judge.
This matter is before us solely on a rule issued by this court sua sponte to show cause why this appeal should not be dismissed.
The original petition for appeal was filed on December 2, 1977. It states the appellant desires to appeal suspensively from a judgment dated November 10, 1977.[1] The trial judge refused to sign the order of appeal attached to the petition for the stated reason it was an "improper order". Subsequently, the December 2, 1977 petition for appeal was "amended" by a motion for appeal filed March 10, 1978 changing the original motion in some respects but still seeking a suspensive appeal from the judgment of November 10, 1977. The order attached to the March 10, 1978 motion was signed by the trial judge on March 13, 1978. As signed that order grants a suspensive appeal conditioned upon the furnishing of security in the amount of $5,000. Security was furnished on April 18, 1978.
*214 We find we must dismiss the appeal, both suspensive and devolutive. There was no application for a new trial and the matter is controlled by Code of Civil Procedure Article 2123, as amended by Act 129 of 1974, as to a suspensive appeal, and Code of Civil Procedure Article 2087, as amended by Act 201 of 1976, as to a devolutive appeal. As provided by subsection (1) of each article, an appeal may be taken within 30 days in the case of a suspensive appeal and 60 days in the case of a devolutive appeal of: "The expiration of the delay for applying for a new trial, as provided by Article 1974, if no application has been timely filed." Under Article 1974 the delay for applying for a new trial is seven days (exclusive of holidays) and in this case that delay commenced to run on November 14, 1977, the day after the judgment appealed from was signed, excluding November 11, 12 and 13, 1977, which were holidays. Thus, the delay for taking this appeal began to run on November 23, 1977. The 30 day delay for taking a suspensive appeal expired on December 23, 1977 and the 60 day delay in which a devolutive appeal could have been taken expired January 23, 1978.
Thus, the so-called "amended" motion for an appeal, filed March 10, 1978, was clearly not timely for the reason that an appellant cannot extend the delay in which he can take an appeal simply by calling his motion for appeal an amendment to a prior timely filed motion which the trial judge refused to sign. On such a refusal to sign, the appellant must either timely file a motion which the judge does sign or, if the judge refuses to sign, make application for supervisory writs compelling such signature. As we said in Thomas v. Berman, La.App., 308 So.2d 797, in which case appellants' motion for appeal was signed by the trial judge after the delays for taking the appeal had expired:
"The responsibility for obtaining the necessary order of appeal and furnishing bond rests with counsel for appellant. If for some reason the trial judge fails or refuses to sign an order of appeal, counsel for appellant must apply for supervisory writs to compel the trial judge to sign the order of appeal and this must be done within the delays permitted by law for perfecting the appeal. Fidelity B. & T. Co. of Slidell v. Pinewood Country Cl., 250 So.2d 577 (La.App. 1st Cir. 1971); and Rodrigue v. Ziifle, 297 So.2d 793 (La.App. 4th Cir. 1974). The statutory time allowed for perfecting an appeal cannot be extended by the trial judge, the appellate court, or counsel. It is absolute. Hawkins v. Shropshire, 275 So.2d 821 (La.App. 4th Cir. 1973)."
For the reasons assigned, the appeal in this case, both suspensive and devolutive, is dismissed.
APPEAL DISMISSED.
REDMANN, J., concurring with written reasons.
REDMANN, Judge, concurring.
Because I have doubt as to the effect of the trial judge's having first signed the order of appeal ("improper" because) not providing bond, I prefer to dismiss on the ground that appellant has no right of appeal because she petitioned for the exact judgment the trial court rendered. (If, as the record might permit speculating, the attorney who filed the petition was not authorized to act for hershe had other counsel of recorda simple appeal does not suffice to vacate the judgment on that ground. Presumably some action in the trial court such as an action of nullity would be appropriate.)
NOTES
[1] The record contains no other judgment. The judgment of November 10, 1977 places each of the five petitioners therefor into possession of an undivided one-fifth interest in the decedent's estate as his sole and only heirs and discharges the administrator, all as prayed for in the petition for that judgment. Although we do not place our conclusion thereon, we note that as the appellant is one of those petitioners, and as the November 10, 1977 judgment gives her all the relief she sought, it would appear that she has no right to appeal from that judgment.