| ROGER D. PHIPPS | * | NO. 2020-CA-0045 |
|---|---|---|
| VERSUS | * | |
| | | COURT OF APPEAL |
| CYNTHIA NELSON SCHUPP | * | |
| AND ROLAND LAWRENCE | | FOURTH CIRCUIT |
| CUTRER, JR. | * | |
| | | STATE OF LOUISIANA |

* * * * * * *

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2006-05956, DIVISION "D"
Honorable Nakisha Ervin-Knott, Judge
* * * * * *
**JUDGE SANDRA CABRINA JENKINS**
* * * * * *

(Court composed of Judge Terri F. Love, Judge Rosemary Ledet, Judge Sandra Cabrina Jenkins)

Evanthea Parker Phipps
PHIPPS & PHIPPS
541 Exposition Boulevard
New Orleans, LA 70118

      COUNSEL FOR PLAINTIFF/APPELLANT

Marshall A. Hevron
Jennifer Bergeron
ADAMS AND REESE LLP
701 Poydras Street
Suite 4500
New Orleans, LA 70139

      COUNSEL FOR DEFENDANT/APPELLEE

**MOTION TO DISMISS GRANTED; ANSWER TO APPEAL DENIED**

**DECEMBER 9, 2020**



In this boundary dispute, plaintiff/appellant Roger D. Phipps ("Phipps") appeals the trial court's September 19, 2019 final judgment dismissing Phipps' *ex parte* motion to dismiss under La. C.C.P. art. 1671 ("Motion for Voluntary Dismissal"). Appellees Cynthia Nelson Schupp and Roland Lawrence Cutrer, Jr. (collectively, "Schupp") filed a Motion to Dismiss Appeal and an Answer to Appeal. For the reasons that follow, we grant Schupp's Motion to Dismiss Appeal and deny Schupp's Answer to Appeal.

## FACTUAL AND PROCEDURAL BACKGROUND

This case concerns a boundary dispute in which Phipps asserts a right of passage over a concrete driveway extending from the garage of his family home at 541 Exposition Boulevard through the adjacent property owned by defendants/appellees Schupp located at 543 Exposition Boulevard in New Orleans. Exposition Boulevard is not a public road, but a walkway adjacent to Audubon Park which is not designated for vehicular passage. Phipps has no direct access to

1

a usable public street other than through 543 Exposition Boulevard to Patton Street, the nearest public road.

In 2006, Schupp built an eight-foot high fence across the driveway, which completely blocked Phipps' passage to Patton Street. Phipps responded by filing suit against Schupp, seeking a right of passage from Phipps' garage through Schupp's adjacent property to Patton Street.

## DISCUSSION

After 13 years of litigation, on August 2, 2019, Phipps filed an *ex parte* Motion for Voluntary Dismissal". La. C.C.P. art. 1671 provides:

> A judgment dismissing an action without prejudice shall be rendered upon application of the plaintiff and upon his payment of all costs, if the application is made prior to any appearance of record by the defendant. If the application is made after such appearance, the court may refuse to grant the judgment of dismissal except with prejudice.

.

In the Motion for Voluntary Dismissal, Phipps asked the trial court to dismiss with prejudice: (1) any pending petitory action which he may have with the court; and (2) any contingent action for passage under La. C.C. art. 689 which he may have pending in the court. Phipps also asked that costs be taxed against him. These were the only pending matters before the trial court, and Phipps' Motion for Voluntary Dismissal sought a full dismissal of this case with prejudice.

Phipps' proposed "**FINAL JUDGMENT**" contained the following decretal language:

> IT IS HEREBY ORDERED, ADUJUDGED AND DECREED, pursuant to La. C.C.P. art. 1671: any existing petitory action, which Plaintiff may have pending before this court; and any existing contingent action for passage under La. C.C. art. 689, which Plaintiff

2

may have had before this court, are DISIMISSED with prejudiced [sic]. Costs paid by Defendants taxed against Plaintiff.

This FINAL JUDGMENT, in the matter, ROGER D. PHIPPS, Plaintiff v. CYNTHIA NELSON SCHUPP AND ROLAND LAWRENCE CUTRER, JR., Defendants, Civil District Court, Parish of Orleans, No. 2006-5956 "D," and on the La. C.C.P. art. 1671 motion filed on behalf of the Plaintiff, ROGER D. PHIPPS, was READ, RENDERED, AND SIGNED at New Orleans, La. This _____ day of August 2019.

On September 19, 2019, the trial court signed a "**FINAL JUDGMENT**" with decretal language identical to the language in Phipps' proposed final judgment. The Judgment also dismissed with prejudice any pending petitory action which Phipps may have with the court, and any contingent action for passage under La. C.C. art. 689 which he may have pending.

Phipps moved to suspensively appeal the judgment dismissing his claims. On January 28, 2020, Schupp filed a Motion to Dismiss Appeal. Schupp also filed an Answer to Appeal, which seeks damages for Phipps' frivolous appeal.

**Dismissal of Appeal Pursuant to La. C.C.P. art. 2085**

An appeal is "the exercise of the right of a party to have a judgment of a trial court revised, modified, set aside, or reversed." La. C.C.P. art. 2082. An appeal cannot be allowed, where the appellant complains of no error which can be corrected in a court of superior and appellate jurisdiction. *Rausch v. Barrere*, 109 La. 563, 33 So. 602, 603-04 (1902).

In the Motion to Dismiss Appeal, Schupp contends that Phipps' appeal is prohibited and should be dismissed pursuant to La. C.C.P. art. 2085, which provides:

An appeal cannot be taken by a party who confessed judgment in the proceedings in the trial court or who voluntarily and unconditionally acquiesced in a judgment rendered against him. Confession of or acquiescence in part of a divisible judgment or in a favorable part of

3

an indivisible judgment does not preclude an appeal as to other parts of such judgment.

Comment (i) to La. C.C.P. art. 2085 discusses jurisprudence which has added another limitation upon an appeal. "[A] party in whose favor a judgment has been rendered in strict accordance with his prayer for relief, cannot appeal." (citing *State v. ex rel. Moore Planting Co. v. Howell*, 139 La. 336, 711 So. 529 (1916); *Barbara, Inc. v. Billelo*, 212 La. 937, 33 So.2d 689 (1947); *Salassi v. Salassi*, 220 La. 785, 57 So.2d 684 (1952)).

In this matter, Phipps voluntarily and unconditionally acquiesced in the judgment dismissing his claims asserting a petitory action and a right of passage under La. C.C. art. 689, with prejudice. The judgment rendered by the trial court on September 19, 2019 was rendered in "strict accordance" with Phipps' prayer for relief. Indeed, the trial court's judgment contains decretal language identical to the language proposed by Phipps in his Motion for Voluntary Dismissal. Accordingly, by filing this appeal, Phipps seeks to challenge the very judgment he prayed for in his Motion for Voluntary Dismissal. "[A]an appeal may not be taken by a party in whose favor of [sic] judgment has been rendered." *Petition of Sewerage & Water Bd.*, 248 La. 169, 176 (1965), 177 So.2d 276, 278 n.4. *See also Succession of Rolland*, 360 So.2d 213, 214 (La. 1978) (Redmann, J., concurring) ("appellant has no right of appeal because she petitioned for the exact judgment the trial court rendered"); *Scales v. State of Louisiana*, 391 So.2d 871, 872 (La. App. 4th Cir. 1980) (same) (citing *Rolland*, 360 So.2d at 214); La. C.C.P. art. 2085; *Succession of Dickson*, 227 La. 838, 841 (1954), 80 So.2d 434-35 ("[A] party in whose favor a judgment has been rendered, in strict accordance with his own prayer, cannot

4

appeal, since a prayer that a judgment be rendered is something more than even a confession or an acquiescence.")

Phipps voluntarily acquiesced in the September 19, 2019 final judgment dismissing his claims with prejudice. Phipps has no right to appeal because he petitioned for the exact judgment the trial court rendered. Phipps has given us no error that can be corrected by this Court. Accordingly, we grant Schupp's Motion to Dismiss Appeal.

**Answer to Appeal**

Schupp has filed an Answer to Appeal in which she seeks damages for Phipps' frivolous appeal. "'[A]ppeals are always favored and, unless the appeal is unquestionably frivolous, damages will not be granted due in part to the possible chilling effect on the appellate process.'" *Breton Sound Oyster Co. v. Stiel Ins. Co. of New Orleans*, 17-0955 , pp. 20-21 (La. App. 4 Cir. 12/12/18), 299 So.3d 80, 94 (quoting *Perry v. Dept. of Law*, 17-0609, p. 10 (La. App. 4 Cir. 1/31/18), 238 So.3d. 592, 599). La. C.C.P. art. 2164, which provides for sanctions for frivolous appeals, must be strictly construed in favor of Phipps as it is penal in nature. *Breton Sound*, 17-0955, p. 21, 299 So.3d at 94 (citing *Perry*, 17-0609, p. 10, 238 So.3d at 599).

In this case, we find that the imposition of damages for frivolous appeal is not warranted. Accordingly, we deny Schupp's Answer to Appeal.

## CONCLUSION

For the foregoing reasons, we grant Schupp's Motion to Dismiss Appeal. We deny Schupp's request for sanctions in her Answer to Appeal, as we do not find Phipps' appeal to be frivolous.

**MOTION TO DISMISS GRANTED; ANSWER TO APPEAL DENIED**

5